**NATIONAL CITY BANK OF NEW YORK et al. v. SALDANA CROSAS REALTY CORPORATION et al.**

No. 3150.

Circuit Court of Appeals, First Circuit.

Dec. 10, 1936.

E. T. Fiddler, of San Juan, P. R. (H. S. McConnell, of San Juan, P. R., on the brief), for appellants.

Juan B. Soto and Enrique Igaravidez, both of San Juan, P. R., for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This appeal is concerned with the disallowance of counsel fees for a creditor in a reorganization proceeding under section 77B (11 U.S.C.A. § 207). By the statute such appeals "shall be heard summarily" (subsection (c) (9), 11 U.S.C.A. § 207(c) (9); in this case, however, the record is complete.

The Saldana Crosas Realty Corporation got into financial difficulties and reorganization proceedings were instituted under section 77B. The National City Bank was a large creditor, but was secured. A committee was formed consisting of representatives of the corporation, of the bondholders, and of the National City Bank, to devise a plan of reorganization. The committee served without pay. A plan of reorganization was prepared by the counsel for the debtor corporation. At the request of members of the committee, the attorneys for the National City Bank attended meetings of the committee and considered with them the proposed plan.

Several important changes, mainly for the better protection of the creditors, were made at their suggestion. These changes were accepted by the committee and the debtor, and were an important factor in obtaining the acceptance and approval of the plan. Counsel for the bank charged it $1,500 for this work. The bank petitioned for the allowance of this sum as counsel fees in the reorganization proceedings. Its petition was disallowed and the present appeal was taken.

In disallowing the petition the District Judge said that there was no objection to the amount, nor any criticism of that; "that the services rendered here by the National City Bank and its counsel were beneficial, I believe, to the corporation and to all the creditors;" that "The attorneys for creditors frequently work out plans for reorganization of an insolvent debtor, plans that are helpful to the debtor as well as to the creditors, but I have never allowed the fee to attorneys for creditors that I recall, and I know that I used to represent creditors and I never had a fee allowed me"; "I don't think the circumstances in this case call for a departure from the general rule;" "*It is a question whether a general rule should apply.*" (Italics supplied.)

The section of the statute relating to attorney's fees is subsection (c) (9) of section 77B (11 U.S.C.A. § 207(c) (9), which reads as follows:

"(c) Upon approving the petition or answer or at any time thereafter, the judge, in addition to the jurisdiction and powers elsewhere in this section conferred upon him, * * * (9) may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor, but appeals from orders fixing such allowances may be taken to the Circuit Court of Appeals independently of other appeals in the proceeding and shall be heard summarily."

It is common knowledge that the preparation of a plan for reorganization under 77B often calls for great skill, ability, and tact on the part of those formulating it, and that the assistance of attorneys representing creditor interests is almost always necessary. In so far as such services of counsel are reasonably necessary and assist in the approved result, the statute contemplates that the burden of them shall be upon the debtor as part of the reorganization expense. See In re Wayne Pump Co. (D.C.) 9 F.Supp. 940; In re Kentucky Electric Power Corp. (D. C.) 11 F.Supp. 528.

In the present case $4,000 was allowed as attorneys' fees for the debtor and nothing at all for the creditors. It is clear—and it was in effect conceded in the testimony of the attorneys for the debtor—that the plan originally drafted did not sufficiently safeguard the interest of creditors. A long-term bond issue of some size was involved, the treatment of which required careful consideration. The attitude of the appellant seems to have been helpful and co-operative in efforts to make the proposed plan fair and workable; the efforts of its counsel were in the interests of all the creditors, as the District Judge found, not merely of the appellant. There appears to be no doubt that modification of the plan in interest of the creditors was called for, nor that the work done to that end was, as has been said, beneficial and contributed to the final result. It is urged that the creditors were simply endeavoring to protect their own interests; but the finding is that the services were beneficial to the corporation and to all the creditors.

While attorneys' fees should always be sharply scrutinized and not allowed unless reasonably necessary and helpful in the final result, where those two conditions are met we think a reasonable fee for creditors as well as for debtors should be allowed. In assuming that there was "a general rule," as he expressed it, to the contrary, we think the District Judge fell into error. As there is no question but what the fees petitioned for are reasonable in amount and as they appear to be clearly allowable, the order will be:

The decree of the District Court is vacated, and the case is remanded to that court, with directions to enter a decree for the petitioners in the sum of $1,500, with costs to the appellants.