**STEERE et al. v. BALDWIN LOCOMOTIVE WORKS, and seven other cases.**

No. 6739.

Circuit Court of Appeals, Third Circuit.

Aug. 9, 1938.

A. Illoway, Saul, Ewing, Remick & Saul, and Schnader & Lewis, all of Philadelphia, Pa., and White & Case, of New York City, and Henry S. Drinker, of Philadelphia, Pa., Arthur Garfield Hays, of New York City, and Maurice Bower Saul and Francis A. Lewis, both of Philadelphia, Pa., for appellants.

Morgan, Lewis & Bockius, of Philadelphia, Pa., for appellee.

Before THOMPSON and BIGGS, Circuit Judges and MARIS, District Judge.*

MARIS, Circuit Judge.*

These are appeals by certain creditors' and stockholders' committees and their counsel from the orders of the District Court for the Eastern District of Pennsylvania awarding them compensation for services rendered in the reorganization of the Baldwin Locomotive Works under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The court below made its awards upon what it called the "budget principle," fixing the total of the allowances for compensation and expenses to be made to the representatives of creditors and stockholders and their counsel at somewhat less than $60,000 and dividing this sum among them. Four committees and their counsel are involved in the present appeals and to each of them the court awarded $5,000 as compensation for their services. It conceded that this did not represent the value of their services in the reorganization.

The principal question raised upon these appeals is whether the awards made to the appellants were based upon a misconception by the court below of the functions of security holders' committees and their counsel under Section 77B and the duties of the court with respect to compensation allowances to them. This brings us to a consideration of the reasons given by the court below for its action.

The court took the view that the only function of such a committee is to recommend to the security holders which it represents the acceptance or rejection of a plan of reorganization submitted by the debtor. It held that representatives of creditors, even though they represented minor interests otherwise adequately represented by competent committees, should be compensated regardless of whether they contributed to the formulation and accom-

Drinker, Biddle & Reath, of Philadelphia, Pa., Hays, St. John, Abramson & Schulman, Denis B. Maduro, and Raymond L. Wise, all of New York City, Bernard

*Appointed Circuit Judge June 24, 1938.

plishment of the plan of reorganization or whether they merely unsuccessfully opposed the plan. Its orders were based upon its view that the value of the services rendered by those contributing to the reorganization was immaterial and irrelevant, and that the total amount allowable to all the security holders for securing advice as to acceptance or rejection of the plan should be determined and divided among all the persons furnishing such advice to the security holders. This will be seen from the following extracts from its opinion:

"There is a more or less prevalent notion that these allowances are made to those who have been of aid to the debtor in having its plan of debt readjustment adopted and that compensation should be measured by the value to the debtor of the aid so rendered or rather to the value of the result achieved. We are not in accord with this view. * * *

"In making this schedule of allowances we disclaimed and now repeat the disclaimer, all thought of appraising the value of the professional services rendered. The allowances made mean only the share of the several claimants in the common fund awarded to creditors.

"* * * We admit of course, that our total may be too low. We make the finding before stated that the weight of the evidence would justify a much higher figure."

We think that the court below proceeded upon an erroneous view of the law. Section 77B(c) of the Bankruptcy Act, 11 U.S.C.A. § 207(c), provides that "Upon approving the petition or answer or at any time thereafter, the judge, in addition to the jurisdiction and powers elsewhere in this section conferred upon him * * * (9) may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor."

■ It is now well settled that under the provisions of this section a security holders' committee and its counsel who have rendered constructive services which have directly and materially contributed to the formulation or the accomplishment of a plan of reorganization are entitled to be compensated out of the debtor's estate for the fair value of their services. In re Paramount Publix Corporation, 2 Cir., 83 F.2d. 406; In re Consolidated Motor Parts, 2 Cir., 85 F.2d 579; In re Memphis Street Ry. Co., 6 Cir., 86 F.2d 891; In re Central Shorewood Bldg. Corporation, 7 Cir., 90 F.2d 725; In re Watco Corporation, 7 Cir., 95 F.2d 249. It is equally well settled that compensation may not be allowed under the act to anyone for services which have not contributed directly and materially to the successful accomplishment of the debtor's reorganization. In re National Lock Co., 7 Cir., 82 F.2d 600; Teasdale v. Sefton Nat. Fibre Can Co., 8 Cir., 85 F. 2d 379, 107 A.L.R. 531; Straus v. Baker Co., 5 Cir., 87 F.2d 401; Birrell v. Great Lakes Utilities Corporation, 3 Cir., 96 F. 2d 767.

■ In fixing the amount of compensation to be allowed to committees and their counsel the court should consider the extent of the services contributed by them, the experience and skill required and exercised, the benefit resulting therefrom to the debtor and its security holders, the size of the debtor and the consequent responsibility undertaken, and the ability of the debtor to pay. National City Bank v. Saldana Crosas Realty Corp., 1 Cir., 86 F. 2d 923; In re Wayne Pump Co., D.C., 9 F.Supp. 940; In re Central West Public Service Co., D.C., 15 F.Supp. 770.

■ Where a class of security holders is adequately represented by a reliable and competent committee, the court should ordinarily not permit another committee to duplicate the work of the first committee and receive compensation therefor. Where, however, the amount of the outstanding securities is large or where there are special circumstances warranting it the court may award compensation to duplicating committees. In re Paramount Publix Corporation, 2 Cir., 85 F.2d 588; Straus v. Baker Co., supra. This may properly be controlled by the power of the court over intervention.

■ We think it would be a proper and very salutary practice in reorganization proceedings under the Bankruptcy Act for the district court to award compensation only to those committees or other repre-

sentatives which have been permitted to intervene in the proceedings on behalf of security holders. Ordinarily but one committee should be permitted to intervene on behalf of a single class of security holders and then only after reasonable notice and hearing in order that the court may be satisfied that the security holders will be represented by competent, honest individuals. As we have said there may be occasions when more than one committee for a single class should be recognized, but in every such reorganization proceeding hereafter commenced each committee should secure leave to intervene before performing any services for which it desires compensation from the debtor's estate. This is the rule adopted in the Second and Fifth Circuits (In re Paramount Publix Corporation, supra, 85 F.2d 588; Straus v. Baker Co., supra) and we approve its application in this circuit.

■ In the case of most corporations requiring reorganization the holdings of many security holders are too small to make possible independent action for their own protection. This has brought about the formation of committees for their protection. The history of corporate reorganizations before the adoption of Section 77B reveals too many instances of committees, often self constituted, formed ostensibly to protect security holders but actually serving their own or other private interests at the expense of those they were appointed to serve. One of the purposes of the Bankruptcy Act as amended is to assure such security holders that, so far as the court is able to ascertain after hearing, any committee permitted to intervene in their behalf is composed of able and honest individuals who are free of conflicting interests and reasonably representative, and may, therefore, reasonably be expected adequately to protect their interests. The act seeks to assure such representation by authorizing such committees to be adequately compensated out of the debtor corporation's estate for constructive services rendered in assistance of the formulation and accomplishment of a fair and reasonable plan of reorganization. It should be administered in the light of these underlying purposes.

In the case before us the debtor had total assets approximating $70,000,000. When its petition for reorganization was filed it had outstanding the following securities:

| | |
|---|---|
| First Mortgage Bonds | $ 2,676,000 |
| Consolidated Mortgage Bonds (due in 1938) | 10,473,600 |
| Preferred Stock (par value $100 per share) | 20,000,000 |
| Common Stock (no par value) stated value | 11,014,300 |

■ Of the four committees involved in this appeal two represented the consolidated mortgage bondholders, one represented the preferred stockholders and one the common stockholders. The evidence clearly established that each of these committees and its counsel performed substantial services which contributed directly and materially to the consummation of a very creditable and successful reorganization of the debtor. The evidence also indicated that the presence of two committees representing the consolidated mortgage bondholders was fully justified and no question is raised as to this.

No party in interest objected to the amount of the compensation claimed by the appellants. This aggregated $215,000 and the court found that the weight of the evidence established the value of the appellant's services to be not less than this amount. A review of the record satisfies us that, considering all the factors to which we have referred, this finding was correct. The reorganized debtor is entirely able and willing to pay this amount and has set up on its books a reserve to pay it.

No party in interest objects to the payment. The conclusion is inescapable that the court below erred in the awards of compensation made to the appellants, both as to their basis and amount.

The orders appealed from are reversed with directions to the court below to award to the appellants as compensation for their services the amounts claimed by them, aggregating $215,000, in addition to the amounts awarded to them in reimbursement of their expenses.