The Philadelphia and Reading Coal and Iron Corporation has moved to dismiss this appeal. We find the motion to be without merit. It is accordingly denied. The order appealed from is reversed with directions to the court below itself to determine the solvency or insolvency of the debtor without reference to a special master and thereupon to direct such action to be taken by the debtor with respect to the debt alleged to be due and owing by the Philadelphia and Reading Coal and Iron Corporation as justice may require.

### In re PHILADELPHIA & READING COAL & IRON CO.

Appeal of NORRIS et al., and three other cases.

Nos. 7131–7134.

Circuit Court of Appeals, Third Circuit.

June 30, 1939.

Thomas Reath, of Philadelphia, Pa., and Allen Hunter White and Frederic L. Ballard, both of Philadelphia, Pa. (Ballard, Spahr, Andrews & Ingersoll, of Philadelphia, Pa., of counsel), for appellants Andrews and others.

Arthur Garfield Hays and Alan S. Hays, both of New York City, and Robert V. Massey, Jr., of Philadelphia, Pa., for appellants N. E. Waldman and others.

Cecil B. Ruskay, of New York City, and David Bortin, of Philadelphia, Pa., for appellants Jacques Cohen and others.

Morgan, Lewis & Bockius, of Philadelphia, Pa., for debtor.

Chester T. Lane, Gen. Counsel, Securities and Exchange Commission, Martin Riger, Samuel H. Levy, Bernard D. Cahn, and John F. Davidson, all of Washington, D. C., (J. Anthony Panuch, of New York City, of counsel), for the Securities and Exchange Commission.

Archibald Palmer, of New York City, and Howard Guttmann, of New York City (Jenkins, Bennett & Libby, of Philadelphia, Pa., and Archibald Palmer, of New York City, of counsel), for Lawrence Schrager and other objecting bondholders.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

## MARIS, Circuit Judge.

In Steere v. Baldwin Locomotive Works, 3 Cir., 98 F.2d 889, and Central Hanover Bank & Trust Co. v. Philadelphia & Reading Coal & Iron Co., 3 Cir., 99 F.2d 642, this court, in accord with the Circuit Courts of Appeals of the Second and Fifth Circuits, laid down rules for the guidance of the district courts in permitting the intervention of securityholders' committees in reorganization proceedings under Sec. 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and treating intervention as a condition precedent to the allowance of compensation to such committees and their counsel. Four committees of securityholders of the Philadelphia and Reading Coal and Iron Company have taken the present appeals from orders of the District Court for the Eastern District of Pennsylvania denying them the right to intervene in the pending proceeding for the reorganization of that company. The court found that if the rules to which we have referred were applicable the appellants should be granted the right to intervene, but it refused the right because it felt that those rules are not applicable to a proceeding to which certain provisions of Secs. 206, 207 and 209 of Chap. X of the Bankruptcy Act, as amended by the Chandler Act, 11 U.S.C.A. §§ 606, 607, 609, apply. The provisions referred to are as follows:

"Sec. 206 [§ 606]. The debtor, the indenture trustees, and any creditor or stockholder of the debtor shall have the right to be heard on all matters arising in a proceeding under this chapter. * * *

"Sec. 207 [§ 607]. The judge may for cause shown permit a party in interest to intervene generally or with respect to any specified matter. Except where otherwise provided in this chapter, the judge may from time to time enter orders designating the matters in respect to which, the persons to whom, and the form and manner in which notice shall be given."

"Sec. 209 [§ 609]. Any creditor or stockholder may in a proceeding under this chapter act in person, by an attorney at law, or by a duly authorized agent or committee."

The court below found that the application of these provisions of Chap. X to a proceeding, such as the present, which was begun under Sec. 77B was practicable. The correctness of this finding can hardly be questioned. The question, therefore, arises whether these new statutory provisions render inapplicable the rules as to intervention which we have applied to proceedings under Sec. 77B.

Those rules were laid down in the light of abuses which had become manifest in reorganization proceedings under Sec. 77B as well as in corporate reorganizations previously effected through the medium of equity receivership and foreclosure proceedings. In too many of those proceedings it had appeared that unqualified and unrepresentative committees sought and obtained the right to represent defenseless securityholders while actually working in the interests of the debtor or other adverse parties. Others injected themselves without invitation and rendered duplicating services merely to place themselves in position to receive compensation from the debtor's estate. The evils to which we refer have been well described by the Circuit Court of Appeals for the Seventh

Circuit in the case of In re Albert Dickinson Co., Inc., 104 F.2d 771, 775.

It was to afford the individual securityholders of a debtor protection against such practices that we pointed out to the district courts in the cases above referred to the rules under which their discretionary power over intervention by committees under Sec. 77B should be exercised. Those rules were based upon the proposition that under Sec. 77B no creditor or stockholder or committee representing him had a right to be heard on all matters arising in the proceeding. Consequently it was necessary for a committee to intervene if it was to perform useful services in bringing about reorganization for which it might expect compensation. The discretionary power of the court over the right of a committee thus to intervene and participate carried with it the complementary duty to permit intervention only by those who were in position to perform the required services properly and whose work would not duplicate that of others.

We cannot escape the conclusion that by Secs. 206, 207 and 209 of Chap. X the Congress has removed the statutory support for our rules regarding intervention by committees which Sec. 77B afforded. The reason for this action is not for us to seek. It may well be that the participation by the Securities and Exchange Commission in these proceedings as provided by Sec. 208 of Chap. X, 11 U.S.C.A. § 608, is intended to afford to individual securityholders the protection which our intervention rule sought to give them. The fact that that Commission upon the argument of the present appeals urged that the orders of the court below be affirmed would lend color to this view. The fact nevertheless remains that the Congress has provided that all creditors and stockholders and their attorneys, agents and committees on their behalf have the right to be heard on all questions and to be compensated for services rendered in a reorganization proceeding. The latter right, which is given by Secs. 242 and 243 of Chap. X, 11 U.S.C.A. §§ 642, 643, is not conditioned upon prior formal intervention.

We, therefore, now hold that the rules regarding intervention in proceedings under Sec. 77B which we laid down in Steere v. Baldwin Locomotive Works, supra, and Central Hanover Bank & Trust Co. v. Philadelphia & Reading Coal &

Iron Co., supra, are not applicable to reorganization proceedings carried on under the provisions of Chap. X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. As provided by Sec. 207 of that chapter, 11 U.S.C.A. § 607, intervention in such proceedings may only be permitted for cause. The desire to appear generally and participate in the proceedings and to receive compensation for services rendered therein which contribute to the reorganization, is not such cause, however, in view of the other provisions of Chap. X, to which we have referred. The present appellants have failed to show other cause for their intervention. It follows that intervention was properly denied them by the court below.

The orders appealed from are affirmed.