**DANA et al. v. SECURITIES & EXCHANGE COMMISSION et al.**

No. 157.

Circuit Court of Appeals, Second Circuit.

Jan. 22, 1942.

dered that it should "receive notice of all matters arising in this proceeding with the right to participate therein." Not satisfied with this, the committee appealed.

 Section 77B, 11 U.S.C.A. § 207, gave to "any creditor or stockholder * * * the right to be heard" only as to "the permanent appointment of * * * trustees, and * * * confirmation of any reorganization plan" sub. c; § 206 now gives them "the right to be heard on all matters arising in a proceeding" under Chapter X. This change was deliberate and was probably supposed ordinarily to give adequate protection, though § 213 assumes that a committee of creditors or shareholders may at times be allowed to intervene. We may assume arguendo that there are situations in which a single creditor or shareholder also may do the same. What the reasons are which should move a judge to exercise his discretion to allow either a committee or an individual to intervene, we need not consider, for the order on appeal gave to the committee at bar everything that it could possibly need—certainly in the district court. It will get notice of all "matters" which will come up in that court, and the statute itself, § 206, gives it a right to be heard generally, as we have seen. There remains therefore only the possibility that it may not have the right of appeal if overruled. However, under § 77B we twice held that creditors might appeal from any order which decided a "matter" as to which the statute then gave them the right to be heard. In re Barclay Park Corp., 2 Cir., 90 F.2d 595; In re Day & Meyer, Murray & Young, 2 Cir., 93 F.2d 657. And there can be no doubt that that is true under Chapter X which therefore extends the right to appeal to all "matters arising in a proceeding." In re Keystone Realty Holding Co., 3 Cir., 117 F.2d 1003, 1005, 133 A. L.R. 1378.

Thus the order gave to the committee every substantial privilege which formal intervention would have given, even though § 206 alone would not have entitled it to any notices other than those especially provided in Chapter X—a point on which we do not pass.

Order affirmed.

Herman E. Riddell and Wickes, Neilson & Riddell, all of New York City (Hiland Hall, of New York City, of counsel), for appellants.

George Zolotar, of New York City, and Chester T. Lane, Gen. Counsel, and J. Anthony Panuch, Atty., both of Washington, D. C. (Frederick T. Finnigan, of New York City, and Justin N. Reinhardt, of Washington, D. C., of counsel), for Securities and Exchange Commission.

Henry S. Hooker, of New York City, for Trustee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

In this proceeding the judge denied leave to a committee of the debtor's shareholders to intervene in a proceeding under Chapter X, 11 U.S.C.A. § 501 et seq., upon the authority of In re Philadelphia & Reading C. & I. Co., 3 Cir., 105 F.2d 358; but or-