### In re WILLIAM JAMESON & CO., Inc.

District Court, S. D. New York.

Sept. 10, 1942.

See, also, 47 F.Supp. 450.

Hays, Podell & Shulman, of New York City, for petitioner Old Lewis Hunter Distillery Co., Inc.

O'Brien, Driscoll & Raftery, of New York City, for the minority of Old Lewis Hunter Distillery Co. stockholders supporting the petition.

Krause, Hirsch & Levin, of New York City (Sydney Krause, of New York City, of counsel), for trustee.

Franklin B. Lincoln, Jr., of New York City, for a majority of the minority of Old Lewis Hunter Distillery Co. stockholders.

Arthur Garfield Hays, of New York City, for unsecured creditors of Jameson & Company, Inc.

Sullivan & Cromwell, of New York City (James B. Hoffman, of New York City, of counsel), for Marine Midland Trust Co.

Root, Clark, Buckner & Ballantine, of New York City (Cloyd Laporte, of New York City, of counsel), for Stockholders Committee of William Jameson & Co., Inc.

George Zolotar, of New York City (Jacob F. Raskin, of New York City, of counsel), for Securities and Exchange Commission.

HULBERT, District Judge.

The Old Lewis Hunter Distillery Co., Inc., petitions for leave to intervene in the above entitled reorganization proceeding for the purpose of opposing a motion to dismiss. About seventy-seven per cent of the capital stock of this corporation was owned by the debtor and is now in the possession of the Trustee. In making this application petitioner contends that under contracts between it and the debtor, which contracts were affirmed by the trustee, it is entitled to certain specific property now in the custody of the Court. This application to intervene is opposed by the holders of a majority of the other twenty-three per cent of the minority capital stock of the petitioner.

The petitioner claims that it has an absolute right to intervene under Rule 24(a) of the Federal Rules of Civil Procedure,

28 U.S.C.A. following section 723c. That rule provides that upon timely application anyone shall be permitted to intervene in an action "when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof." The petitioner urges that the dismissal of this proceeding and the removal of the claimed property from the custody of the court, together with the discharge of the Trustee, would adversely affect its interests.

Under General Order 37 of the Supreme Court, 11 U.S.C.A. following section 53, the Federal Rules of Civil Procedure, in so far as they are not inconsistent with the Bankruptcy Act or with the General Orders in Bankruptcy, are to be followed as nearly as may be in proceedings of this nature. Section 206 of the Bankruptcy Act, 11 U.S.C.A. § 606, provides that the debtor, the indenture trustees, and any creditor or stockholder of the debtor, shall have the right to be heard on all matters arising in a corporate reorganization proceeding. Section 207, 11 U.S.C.A. § 607, provides that the judge may for cause shown permit a party in interest to intervene generally or with respect to any specific matter.

It is apparent, therefore, that on the question of the absolute right to intervene, Rule 24(a) of the Federal Rules of Civil Procedure is inconsistent with Sections 206 and 207 of the Bankruptcy Act, and petitioner's right to intervene is not absolute but is entirely discretionary with this court. Seaboard Terminals Corp. v. Western Maryland Ry. Co., 4 cir. 108 F.2d 911.

Assuming that petitioner does have an interest in certain property now in the possession of the trustee, certainly such property is not the main asset of the estate. If all persons who have any interest at all in property in the possession of a trustee are permitted to intervene in proceedings of this nature, the court would be easily hamstrung and the purpose of the reorganization statutes would be thwarted. To protect whatever interest it may have in this property, petitioner filed a claim against the estate and against the trustee. By order dated September 8, 1942, the claim has been referred to a Special Master to take testimony and report upon the issues of fact and law. The petitioner will have the fullest opportunity to be heard and the court will direct that notice be given to it of all matters hereafter arising in this proceeding. Thus, the petitioner will have every substantial privilege which formal intervention could give. See, Dana v. Securities & Exchange Commission, 2 cir., 125 F.2d 542.

The motion to intervene is denied. Settle order.