## In re REALTY ASSOCIATES SECURITIES CORPORATION.

### No. 45024.

District Court, E. D. New York.

Nov. 12, 1943.

---◇---

Root, Clark, Buckner & Ballantine, of New York City, (William P. Palmer, of New York City, of counsel), for Consolidated Realty Corporation.

Herrick & Feinstein, of Brooklyn, N. Y. (Abraham Feinstein, of Brooklyn, N. Y., of counsel), for Bondholders' Directors Committee.

Archibald Palmer, of New York City, for Anna A. and Catherine Kuhlmann.

Halpin & Keogh, of New York City (John J. Halpin, of New York City, of counsel), for trustees.

Irving L. Schanzer, of New York City, for Prudence Realization Corporation.

Percival E. Jackson, of New York City (Theodore N. Tarlau, of New York City, of counsel), for John Vanneck and others.

George Zolotar, of New York City (Kiva Berke, of New York City, of counsel), for Securities and Exchange Commission.

Lewis, Marks & Kanter, of Brooklyn, N. Y. (Lloyd B. Kanter, of Brooklyn, N. Y., of counsel), for Bondholders Protective Committee.

Charles J. Buchner, of Brooklyn, N. Y., for Mary C. O'Neil.

Auchincloss, Alley & Duncan, of New York City (James B. Alley, of New York City, of counsel), for debtor.

Newman & Bisco, of New York City (Oliver O. Cromwell, of New York City, of counsel), for Manufacturers Trust Co., as trustee under Indenture July 10, 1933.

Harold W. Newman, Jr., of Washington, D. C., for Bondholders Advisory Committee.

Joseph R. Margulies, of New York City, for bondholders and others.

MOSCOWITZ, District Judge.

These are two applications; one made by the Consolidated Realty Corporation, and the other by J. Lester Fierman, Frank E. Herma, Walter McMeekan and Frederick S. Robinson, constituting a committee, to intervene generally as parties to this proceeding.

The court has made an order which directs that notice of all papers and notice of all steps in the proceeding be served upon any interested person who has duly appeared in this proceeding. The pertinent portion of the order is as follows:

"Ordered that except where further notice is required by law and except for cause shown to the satisfaction of the court, notice of the application for or submission of any order by the Trustees herein, until further order of this court, may be given by the moving party by mail not later than forty-eight hours prior to the date of the application for or submission of said order to the above-named Debtor, to the Securities and Exchange Commission, to the Indenture Trustee, and to such creditors and stockholders of the said Debtor or his or its duly authorized attorney who has advised or may advise the Trustees of his or its desire to receive notice of the application for or submission of proposed orders, such notice to summarize the nature of the orders to be applied for and state the time and place of application or submission, provided that in the case of attorneys, committee or indenture trustees, such notice shall be given only to such persons who have complied with the provisions of Section 210 and 211 of the Bankruptcy Act, Title 11 U.S.C. Section 610 and 611; and it is further

"Ordered that a copy of said notice shall be submitted to the court with the proposed order; and it is further

"Ordered that the court may decline to consider any application or any order un-til the foregoing provisions as to notice have been complied with; and it is further

"Ordered that failure to give such notice and any omission or defect in such notice shall not affect the validity of any order made herein."

The form of notice intended to be used by the trustees is substantially as follows:

"Sir:

"Please Take Notice that on November , 1943, at M, in Room 224, United States Court House, No. 271 Washington Street, Brooklyn, New York, there will be presented to Honorable Grover M. Moscowitz, United States District Judge,

"1. A petition of the Trustees of Realty Associates Securities Corporation, Debtor, for an order and a form of proposed order requiring (statement as to nature of proposed order).

"Copies of the aforementioned petition and proposed order may be examined at the office of the Trustees, 4th floor, 162 Remsen Street, Brooklyn, New York, or at the office of the attorneys for the Trustees, Room 4800, No. 30 Rockefeller Plaza, New York, N. Y.

"Dated: New York, N.Y. November , 1943.

"Yours etc.,
"Halpin & Keogh,
Attorneys for Trustees,
Office & Post Office Address,
30 Rockefeller Plaza,
New York, N. Y."

This will be deemed a sufficient compliance with the order.

The question of intervention under Chapter X was considered by this court in In re 8309 Talbot Place Corporation, D. C., 27 F.Supp. 40. Also see In re Philadelphia & Reading Coal & Iron Co., 3 Cir., 105 F.2d 358; Dana v. Securities & Exchange Commission, 2 Cir., 125 F.2d 542; In re Flour Mills of America, D.C., 27 F. Supp. 559. The pertinent sections of Chapter X are Section 206, 11 U.S.C.A. § 606), Section 207, 11 U.S.C.A. § 607, and Section 209, 11 U.S.C.A. § 609. A creditor or stockholder is entitled to be heard as a matter of right. Section 206, 11 U.S.C. A. § 606.

No good reason is shown why there should be an intervention in this

case. The rights of the creditors, stockholders and all interested parties are amply protected by the above-quoted portions of the order made in this proceeding.

Application for intervention denied.

Settle order on notice.