### In re UNIVERSAL LUBRICATING SYSTEMS, Inc.

### No. 21104.

District Court, W. D. Pennsylvania.

March 7, 1945.

Austin L. Staley, of Pittsburgh, Pa., trustee.

Kounty, Fry, Staley & Meyer, of Pittsburgh, Pa., for trustee.

S. Wallace Dempsey, of Washington, D. C., and Jas. R. Van Kirk, Bernard Goodman, and Emanuel Amdur, all of Pittsburgh, Pa., for Stockholders Protective Committee.

Watson B. Adair, of Pittsburgh, Pa., special master.

SCHOONMAKER, District Judge.

On April 17, 1944, the Trustee filed a plan for reorganization of the Company, which was referred to Watson B. Adair, Referee in Bankruptcy, as Special Master to hold hearings under Sections 169 and 174 of the Bankruptcy Act, 11 U.S.C.A. §§ 569, 574. To this plan the Trustee proposed amendments, which were likewise referred to the Special Master for hearing and report.

On July 20, 1944, the Special Master filed his report holding that the proposed plan, as amended, was not fair and equitable, because it provided for the participation of stockholders therein, and because it was not feasible by reason of the inadequacy of working capital which would result from the proposed cash payments. The Special Master recommended that the proposed plan, as amended, be not approved; but that, in view of the possibility of other amendments, the hearing be kept open for a reasonable time.

Thereafter, on September 18, 1944, the Trustee filed an amended plan, the main provisions of which are as follows: (1) That creditors of debtor shall be given one share of preferred stock, and one share of common stock in the reorganized corporation for each $100 of claims duly proven by them; (2) the present common stockholders shall be given one share of new common stock, upon paying $10 for each unit of ten shares of the old common stock; (3) the present preferred stockholders shall receive one share of common stock upon paying $10 for each share of old preferred stock; (4) that each share of preferred stock in the new corporation is to have ten votes, while each share of the new common stock shall have one vote; (5) that the Stewart-Warner litigation shall not be passed to the reorganized corporation, but shall be retained and litigated by the Trustee, and that the net proceeds of the litigation shall be earmarked for retirement of the new preferred stock.

The Special Master held hearings on this plan. On October 13, 1944, he filed a supplemental report, holding that this amended plan complies with the Act; that it is fair, equitable and feasible. But he suggested certain clerical amendments; and when these were made, recommended the approval of the plan. Such amendments were made, and the matter then came for hearing before the court on this proposed amended plan.

The stockholders are objecting, and contend that this amended plan is not fair as to them: (1) In that it fails to consider and value the claim of the Trustee versus Stewart-Warner Corporation for patent infringements, contending that the debtor has suffered damages in the sum of $2,000,000, and that this claim should be valued as an asset of the debtor, at least at a minimum of $750,000; (2) that in placing a value of not to exceed $327,000 on debtor's assets, the Special Master completely ignored the debtor's earning power, which should have been fairly capitalized; (3) that the proposed plan is unfair and inequitable, because it is based on the assumption that the debtor is insolvent, whereas, had the Special Master properly considered and capitalized the debtor's substantial earning powers, and valued the Stewart-Warner Corporation claims, he would have found debtor to be solvent.

We are of the opinion that in his two reports the Special Master has fully and fairly dealt with all these matters, except that in his treatment of the Stewart-Warner litigation, paragraph IX(c) should be stricken out, and the following substituted therefor:

(c) After deducting from the recovery of said litigation, all counsel fees, costs, expenses or other items incidental to the litigation, and also any taxes or other charges of similar or dissimilar nature, which equitably should be deducted therefrom, the remaining proceeds shall be earmarked and paid by the Trustee in the following manner:

1. First, he shall pay to the reorganized company the amount needed for the fol-

lowing purpose—for the retirement of the issued preferred shares of its capital stock, said amount to be earmarked and available only for that purpose.

2. If said remaining proceeds, so earmarked, shall be insufficient for a retirement of all of said preferred shares, they shall be distributed equally among said preferred shares, in the nature of a liquidating dividend.

3. The balance then remaining in the hands of the Trustee, after such earmarking and distribution—if there be such balance—shall be distributed and paid by the Trustee, under the direction of the Court, among the present preferred and common shares of debtor, as a liquidating dividend and in accordance with debtor's provisions as to the priority rights of its preferred shares on liquidation.

Said amendment shall be included and made in the reprinting of the plan as hereinafter directed.

When this amendment is made, we will dismiss all exceptions and objections of the Stockholders' Protective Committee, and approve the plan. An order may be submitted accordingly on notice to opposing counsel.