180

In re UNIVERSAL LUBRICATING
SYSTEMS, Inc.

No. 21104.

District Court, W. D. Pennsylvania.
July 22, 1947.

See also 71 F.Supp. 775.

John A. Robb, of Rahauser, Van Der Voort, Royston & Robb, all of Pittsburgh, Pa., for Universal Stockholders' Protective Committee.

Clarence A. Fry and A. E. Kountz, of Kountz, Fry, Staley & Meyer, all of Pittsburgh, Pa., for Austin L. Staley, Trustee.

WALLACE S. GOURLEY, District Judge.

This matter comes before the Court on petition for allowance of attorneys' fees by the various members of counsel who were concerned in litigation in which the Reorganized Company was involved.

At No. 3342 in Equity in this Court, in the suit of Stewart-Warner Corporation v. Universal Lubricating Systems, Inc., a bill of complaint had been filed on or about the 6th day of October, 1937, by said Stewart-Warner Corporation against the Universal Lubricating Systems, Inc., debtor herein, praying for injunctive relief and other relief by reason of alleged infringement of certain patent or patents; there-after in that said proceeding at Equity No. 3342 an answer and counterclaim and then an amended counterclaim were filed by the said debtor, defendant and counterclaimant. With further reference to the said counterclaim, as amended, there have been at said Equity No. 3342 various and sundry proceedings in lumine and of a preliminary nature, all of which will more fully appear by reference to the docket entries at said No. 3342 in Equity.

On May 12, 1941, bankruptcy proceedings were instituted for the purpose of protecting creditors of the Universal Lubricating Systems, Inc., and on August 5, 1941, the proceedings were transferred to one of reorganization, in accordance with the provisions of Chapter X of the Bankruptcy Act. Austin L. Staley, petitioner therein, was Trustee in the bankruptcy proceedings and was substituted, therefore, as Trustee for the debtor in the reorganization proceedings.

Subsequently, and following various discovery and other proceedings at said No. 3342, the said action or suit, and bill of complaint of the plaintiff for infringement and other relief, and the said answer and amended counterclaim, came on for trial before this member of the Court on October 1, 1946, and continued until the 28th day of February, 1947. By consent, in the early stages of said trial, the bill of complaint, upon which the Stewart-Warner Corporation based its said suit or action, was dismissed, with prejudice, and thereupon the said Austin L. Staley, Trustee, proceeded to the trial of his said counterclaim, as amended, and the reply thereto.

After approximately four and one-half months of trial, and with a great amount of negotiations between the Trustee and the members of trial counsel who represented the respective party litigants, and through the assistance of the Court, an offer of compromise was submitted by the Stewart-Warner Corporation for the settlement of said proceeding, in the amount of Two Hundred Twenty-five Thousand Dollars ($225,000). After due and proper notice to all persons concerned, and after hearing before the Court, an order was en-

tered on the 28th day of February, 1947, approving said compromise settlement and directing the Trustee to accept and receive said amount of Two Hundred Twenty-five Thousand Dollars ($225,000).

Under the provisions of the Plan of Reorganization, it was specifically provided that the Stewart-Warner litigation should not be passed to the Reorganized Company but should be retained and litigated by the Trustee. It was further provided in connection with said litigation as follows:

"After deducting from the recovery of said litigation, all counsel fees, costs, expenses or other items incidental to the litigation, and also any taxes or other charges of similar or dissimilar nature, which equitably should be deducted therefrom, the remaining proceeds shall be earmarked and paid by the Trustees in the following manner:

"1. First, he shall pay to the reorganized company the amount needed for the following purpose—for the retirement of the issued preferred shares of its capital stock, said amount to be earmarked and available only for that purpose.

"2. If said remaining proceeds, so earmarked, shall be insufficient for a retirement of all of said preferred shares, they shall be distributed equally among said preferred shares, in the nature of a liquidating dividend.

"3. The balance then remaining in the hands of the Trustee, after such earmarking and distribution—if there be such balance—shall be distributed and paid by the Trustee, under the direction of the Court, among the present preferred and common shares of debtor, as a liquidating dividend and in accordance with debtor's provisions as to the priority rights of its preferred shares on liquidation." See In re Universal Lubricating Systems, Inc., D.C., 59 F.Supp. 171; Id., 3 Cir., 150 F.2d 832, certiorari denied 326 U.S. 744, 66 S.Ct. 58, 90 L.Ed. 444.

The requisite acceptance having been obtained from creditors, the plan was then confirmed by Judge Gibson's order entered November 23, 1945, and recorded in the Office of the Recorder of Deeds of Allegheny County on November 23, 1945, in Deed Book Volume 2865, page 360. There was no appeal from that order of confirmation. The order of consummation of the plan was entered by Judge Gibson on May 3, 1946.

Subsequent to the approval by the Court of the offer of compromise, by way of settlement for the amount of Two Hundred Twenty-five Thousand Dollars ($225,000) on the 28th day of February, 1947, the Universal Stockholders' Protective Committee filed a proceeding in court on March 7, 1947. This proceeding requested the Court to amend the orders of confirmation and consummation of the plan which were entered on the 23rd day of November, 1945, and May 3, 1946, respectively. It was requested that the plan be amended by the appointment of a Master for the purpose of determining the value of the holdings of the Preferred Stockholders of the Universal Lubricating Systems, Inc., as of the date of the approval of the compromise settlement, which was February 28, 1947. This proceeding was carefully considered by the Court and an opinion was filed dismissing the petition on May 5, 1947, all of which will more fully appear by reference being had to the opinion filed, which is not officially reported as of this date.

On the 10th day of April, 1947, a preliminary order was entered by this Court in which it was directed that all attorneys or any other persons who had just claims, by way of reimbursement for expenses or allowance of compensation, out of the fund of Two Hundred Twenty-five Thousand Dollars ($225,000) were to file said claims with the Clerk of this Court on or before May 1, 1947. It was further provided that due and proper notice be given by the Trustee to all persons who were known to have any claims of any nature against said fund, and in addition thereto to insert a copy of said preliminary order in the Legal Journal and a newspaper of general circulation in the City of Pittsburgh. It was also provided that all claims, regardless of their nature, in connection with the fund of Two Hundred Twenty-five Thousand Dollars

($225,000), would be considered by the Court on the 23rd day of May, 1947.

Due and proper notice was given, and the Court proceeded to hear the various claims involved, either for reimbursement for expenses or for attorneys' fees.

It would not be practicable, and no useful purpose could be gained, to refer in detail to the various petitions which had been filed by the members of counsel who represented the Universal Lubricating Systems, Inc., during this very long and protracted litigation. The enormity of the problems and responsibilities which confronted the various attorneys is best explained by the fact that litigation was first instituted on October 6, 1937, and was not brought to final termination, by way of compromise settlement, until February 28, 1947. The efforts extended by all members of counsel who participated in one way or another in this proceeding are exemplary. From the five months' observation which I had in the trial of this proceeding, the amount of the compromised settlement was definitely realized through the untiring efforts, self-application and exhaustive approach made by the trial counsel and their associates who participated, by way of consultation or otherwise, in the preparation of the case for trial. Legal conferences arose daily, which called upon patience, time and effort of both the members of the Court and trial counsel. This case, therefore, stands out removed from litigation that is commonly experienced in that the amount of the settlement could not fairly compensate or reimburse the trial counsel for the efforts and professional services which were extended.

We, therefore, have a situation where the amount of the claims of the various members of counsel far exceed any allowance which the Court in the exercise of its discretion would be justified in approving out of the settlement figure of Two Hundred Twenty-five Thousand Dollars ($225,000).

I believe it would be unfair to prefer one member of counsel over the other as to the proportion which one attorney or the other should be permitted to share in the amount of counsel's fees which the Court will approve. There is no question but what some members of counsel extended a greater effort and labor than others, but all attorneys concerned were necessary in intricate parts for the success of the trial.

I must consider and bear in mind the provisions of the Plan of Reorganization which was confirmed and consummated with the approval of the former creditors of the company. It would not be just and fair to the present preferred stockholders of the Reorganized Company to approve the full amount of the claims of the various attorneys, since little or no balance would remain for distribution to the present preferred stockholders.

In view of the fact, however, that the settlement realized, in my judgment, was secured through the self-application of the various members of counsel involved, I believe that the attorneys' fees should be enhanced to an amount greater than is generally approved in cases of this nature. It is my judgment that attorneys' fees in the amount of One Hundred Thousand Dollars ($100,000) out of the fund of Two Hundred Twenty-five Thousand Dollars ($225,000) would be fair, equitable and reasonable to all parties concerned under the circumstances. The various claims filed by the attorneys for services rendered in connection with said litigation are as follows:

| Name | Amount Claimed |
|---|---|
| Kountz, Fry & Meyer | $ 22,000.00 |
| Thomas G. Miller | 1,720.00 |
| Henry A. Bergstrom | 500.00 |
| Fred B. Hanson | 1,775.00 |
| Reed, Smith, Shaw & McClay | 40,300.00 |
| Stebbins, Blenko & Webb | 9,745.00 |
| Leonard L. Kalish | 85,000.00 |
| Total | $161,040.00 |

It will appear that the total amount of attorneys' fees filed is in the sum of $161,040. Since an allowance of attorneys' fees is being approved in the amount of $100,000 it is, therefore, necessary to allocate the

amount of $100,000 among the various attorneys in the proportion that the amount of $100,000 bears to the amounts of the respective claims which have been filed. It appears that on a proportionate or percentage basis the amount of the claims made bear to the amount of attorneys' fees allowed the following percentages:

| Name | Amount Claimed | Percentage Allowed |
|------|---------------|--------------------|
| Kountz, Fry & Meyer | $22,000.00 | .1366 |
| Thomas G. Miller | 1,720.00 | .0106 |
| Henry A. Bergstrom | 500.00 | .0033 |
| Fred B. Hanson | 1,775.00 | .0110 |
| Reed, Smith, Shaw & McClay | 40,300.00 | .2502 |
| Stebbins, Blenko & Webb | 9,745.00 | .0605 |
| Leonard L. Kalish | 85,000.00 | .5278 |

The Court will, therefore, approve the allowance of attorneys' fees in the amount of $100,000, which is to be distributed among the various attorneys on the following basis:

| Name | Amount Claimed | Percentage Allowed | Amount Allowed |
|------|---------------|--------------------|----------------|
| Kountz, Fry & Meyer | $22,000.00 | .1366 | $13,660.00 |
| Thomas G. Miller | 1,720.00 | .0106 | 1,060.00 |
| Henry A. Bergstrom | 500.00 | .0033 | 330.00 |
| Fred B. Hanson | 1,775.00 | .0110 | 1,100.00 |
| Reed, Smith, Shaw & McClay | 40,300.00 | .2502 | 25,020.00 |
| Stebbins, Blenko & Webb | 9,745.00 | .0605 | 6,050.00 |
| Leonard L. Kalish | 85,000.00 | .5278 | 52,780.00 |
| Total | $161,040.00 | 1.0000 | $100,000.00 |

In addition to the claim for attorney's fees, Leonard L. Kalish, Esq., requests that reimbursement be made to him for certain expenses which were necessary for him to incur in the preparation and trial of said proceeding. The amount of this claim is $3,087.20, which the Court hereby approves as a necessary and proper expense to be paid by the Trustee from the amount of the settlement realized of $225,000, which is in accordance with the orders of confirmation and consummation of the reorganization proceeding.

In addition to the above matter, Austin L. Staley, Trustee, filed application for an allowance of compensation for services rendered in the sum of $12,000, which is compensation in full for all services as Trustee in regard to the Stewart-Warner litigation. This allowance was previously approved by the Court on the 23rd day of May, 1947, and it is now directed that said amount of $12,000 be deducted from the amount of $225,000.

In addition thereto, the Reorganized Company, from time to time, made certain advancements to the Trustee in order that it would be possible to proceed with said litigation—$46,538.52 having been advanced for trial expenses and $17,000 was paid on account of services rendered by legal counsel, or a total of $63,538.52 was advanced by the Reorganized Company. The Court authorized the Trustee, by way of reimbursement, to pay to the Reorganized Company the amount of $40,000 on March 14, 1947, and the amount of $23,538.52 on the 23rd day of May, 1947. Said amount of $63,538.52 was to be paid by the Trustee from the fund of $225,000. To recapitulate, out of the settlement of $225,000, the fol-

lowing disbursements have been approved by the Court:

are confined solely to the administration of the funds which remain from the Stewart-

| | | |
|---|---:|---:|
| Amount of settlement | | $225,000.00 |
| Amt. paid to Reorganized Company on March 14, 1947 | $40,000.00 | |
| Amt. paid to Reorganized Company on May 23, 1947 | 23,538.52 | 63,538.52 |
| | | $161,461.48 |
| Allowance to Austin L. Staley, Trustee, for services in connection with Stewart-Warner litigation, approved May 23, 1947 | $12,000.00 | |
| Allowance to Leonard L. Kalish, Esq., for expenses in connection with litigation | 3,087.20 | 15,087.20 |
| | | $146,374.28 |
| Allowance of attorneys' fees: | | |
| Kountz, Fry & Meyer | 13,660.00 | |
| Thomas G. Miller | 1,060.00 | |
| Henry A. Bergstrom | 330.00 | |
| Fred B. Hanson | 1,100.00 | |
| Reed, Smith, Shaw & McClay | 25,020.00 | |
| Stebbins, Blenko & Webb | 6,050.00 | |
| Leonard L. Kalish | 52,780.00 | 100,000.00 |
| Balance | | $ 46,374.28 |

It will, therefore, appear that the amount of funds remaining for distribution to the preferred stockholders, subject, however, to any proper claims which might be presented and approved by the Court, is $46,374.28.

I would suggest that the Trustee take action at the earliest possible date to be finally discharged from his duties, which Warner settlement or compromise in order that the balance of the funds can be properly awarded to the preferred stockholders at the earliest possible date.

If an appropriate order is presented to the Court in accordance with this opinion, the same will be immediately approved.