**664**

### In re UNIVERSAL LUBRICATING SYSTEMS, Inc.

### Appeal of WILLIAMS & CO., Inc.

### No. 9507.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 5, 1947.

Decided Jan. 6, 1948.

Clyde P. Bailey, of Pittsburgh, Pa. (Dane Critchfield and Bailey and Critchfield, both of Pittsburgh, on the brief), for appellant.

Leonard L. Kalish, of Philadelphia, Pa. for appellee.

Before BIGGS, MARIS, and KALODNER, Circuit Judges.

BIGGS, Circuit Judge.

We have examined the record in this case with great care. Of all the allowances granted by the court below pursuant to Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., that to Leonard L. Kalish, Esquire, chief patent counsel for the trustee of the debtor, Universal Lubricating Systems, Inc., alone has been appealed. The protracted litigation which Mr. Kalish conducted, albeit with some aid from other counsel, resulted in a recovery for the trustee of $225,000. The compensation allowed on his final application for fees amounts to $52,780.

In making the allowances embodied in its order of July 31, 1947, complained of, the court below pursued what has been described as the "budget principle," fixing the lump sum to be paid out by way of final, as distinguished from ad interim allowances, at $100,000. See 73 F.Supp. 180. Cf. Steere v. Baldwin Locomotive Works, 3 Cir., 98 F.2d 889. What the court below did was to take the amounts requested by fourteen counsel, totalling $161,040, and reduce the amount of each application on a percentage basis, so that the total amounts allowed under the final applications reached but did not exceed the $100,000 limit. This method is not the most desirable one as we pointed out in Steere v. Baldwin Locomotive Works, supra, but it is clear from the opinion of the court below that the learned judge concluded that he could not adequately compensate counsel, including Mr. Kalish, from the $100,000 which he deemed to be available; that therefore the amount allowed to the chief patent counsel represented a lower, rather than a higher, range of permissible compensation.

Mr. Kalish had previously been granted an ad interim allowance of $10,000. The appellant insists that the court below overlooked this fact in allowing Mr. Kalish the sum of $52,780 on his final application. The order of clarification of the court below filed October 1, 1947, makes plain the fact that the trial judge did not overlook the ad interim allowance to Mr. Kalish of $10,000 but had granted him the additional sum of $52,780 on his final application after mature consideration.

On examining the record and the nature and extent of Mr. Kalish's services we cannot say that the court below abused its legal discretion in allowing Mr. Kalish the sum of $52,780 as set out in the order of July 31, 1947, appealed from herein. Accordingly that order will be affirmed.