### RUDNICK v. CONEY ISLAND BOARD-WALK CORPORATION.

No. 195, Docket 21575.

United States Court of Appeals Second Circuit.

Argued April 11, 1950.

Decided May 2, 1950.

776

Geo. J. Rudnick, Brooklyn, N. Y., pro se.

David K. Shappiro, New York City, for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

PER CURIAM.

 We should not disturb the allowance, were it not that the judge appears to have acted upon the understanding that the petitioner represented only those certificate holders who had retained him in the reorganization. To that we cannot agree. When he appeared on behalf of successive certificate holders, he became entitled "to be heard"—§ 206, 11 U.S.C.A. § 606,—and we know of nothing in the statute that requires him to "intervene" in order to take full part in the proceeding: § 207, 11 U.S.C.A. § 607, refers to others than creditors or stockholders of the debtor. He thereupon became entitled to an allowance out of the estate, based upon any services described in § 243, 11 U.S.C.A. § 643, so far as he performed them.

We do not mean to suggest—we do not mean to intimate—that the allowance in fact made to him was too small to cover all that he did even upon this construction of § 243; and we remand the case only because we are uncertain from what the judge said, whether, had he understood the section as we do, he might not have made a larger allowance. We altogether agree that, so far as the petitioner's intervention was a bit of officious duplication, it should not be recognized; we altogether agree that he is entitled to be paid for no services which § 243 does not cover. However, in so far as his services were within that section, and in so far as the trustee and his attorney did not perform them, and, but for him, would not have performed them, we hold that he need not look for his pay to his clients. The case will be remanded for further proceedings, not inconsistent with the foregoing.

Order reversed; cause remanded.