R. E. PECKHAM, Assignee and Trustee, Objector, Appellant,

v.

Jose E. CASALDUC, Trustee, et al., Appellees (two cases.)

Nos. 5389, 5390.

United States Court of Appeals First Circuit.

Nov. 21, 1958.

Jay E. Darlington, Hammond, Ind., for appellant on memorandum in opposition to motion to dismiss.

H. S. McConnell and McConnell, Valdes & Kelley, San Juan, P. R., for Puerto Rico Distilling Company, appellee, on motion to dismiss and memorandum in support thereof.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

In protracted litigation R. E. Peckham as plaintiff and as an intervenor has been seeking for years and is still seeking to establish and enforce an equitable lien upon or claim to shares of stock in Ronrico Corporation, a corporation organized under the laws of Puerto Rico. For a description of the nature of his claims and of past phases of this protracted litigation see the opinions of this court in Peckham v. Ronrico Corp., reported in 1948, 171 F.2d 653, and in 1954, 211 F.2d 727.

While this litigation remained pending and undetermined in the court below, the Ronrico Corporation on April 6, 1956, filed a voluntary petition in that court seeking reorganization under Chapter X of the Bankruptcy Act. Reorganization proceedings in the regular course followed which culminated eventually in orders classifying creditors and stockholders and confirming an amended plan of reorganization. Peckham was given notice of the various steps as taken in the reorganization proceedings and participated through his counsel in some of them. Now he has appealed from the District Court's order approving an amended plan of reorganization of the Ronrico Corporation and also from orders of that court granting the Trustee's petition for classification of creditors, granting Puerto Rico Distilling Company's petition to amend the plan as already amended, and confirming the

plan as thus amended. The matter presently before us is Puerto Rico Distilling Company's motion as holder of one half of the stock of Ronrico and as its principal creditor to dismiss Peckham's appeals on a number of grounds. We think it clear that the motion to dismiss must be granted for the reason, if for no other, that Peckham never became a party to the proceedings in the lower court.

Peckham is neither a creditor of Ronrico nor is he one of its stockholders. Thus he does not have "the right to be heard on all matters arising in a proceeding" for reorganization under Chapter X of the Bankruptcy Act conferred by § 206 of the Act. 11 U.S.C.A. § 606. Whatever right he might have to be heard in these proceedings, including the right to appeal, Horowitz v. Kaplan, 1 Cir., 1951, 193 F.2d 64, 66, certiorari denied 1952, 342 U.S. 946, 72 S.Ct. 561, 96 L.Ed. 704, can arise only under § 207 of the Act, 11 U.S.C.A. § 607, which, insofar as relevant, provides: "The judge may for cause shown permit a party in interest to intervene generally or with respect to any specified matter." It is true that the referee, in the course of holding in the capacity of Special Master that Peckham could not be deemed a creditor of the debtor, recommended that Peckham be permitted to intervene in the Chapter X proceedings, if, indeed, he had not already been permitted to do so, "with respect to any proposal of the trustee concerning the stock on which [he] claims an equitable lien." But the fact remains that at no time in these proceedings has Peckham ever made any attempt to intervene by serving an appropriate motion in accordance with the procedure set out in Rule 24(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The fact that the court below allowed him to be heard and to participate in the proceedings by filing objections, being heard in argument etc. does not serve to make him a party. In re South State Street Bldg. Corp., 7 Cir., 1943, 140 F.2d 363, 366, certiorari denied sub nom. Hofheimer v. Gold, 1944, 322 U.S. 761, 64 S.Ct. 1279, 88 L.Ed. 1588. Nor do the privileges accorded to him in the court below give him the right to appeal as a party from any decree of that court. Public Service Commission v. Philadelphia Rapid Transit Co., 3 Cir., 1935, 82 F.2d 481, 487, certiorari denied Citizens Passenger Railway Company of Philadelphia v. Public Service Commission, 1936, 298 U.S. 673, 56 S.Ct. 938, 80 L.Ed. 1395.

An order will be entered dismissing these appeals.