450 F.Supp. 790 (1978)
In the Matter of the DUPLAN CORPORATION, Debtor.
CHEMICAL BANK, the First National Bank of Chicago, North Carolina National Bank and Security Pacific National Bank, Plaintiffs,
v.
Alfred P. SLANER, as Trustee in Reorganization of the Duplan Corporation, Debtor, Defendant.
No. 76 B 1967 (KTD).
United States District Court, S. D. New York.
February 21, 1978.
Zalkin, Rodin & Goodman, New York City, for plaintiffs; Henry L. Goodman, Richard S. Toder, Andrew D. Gottfried, New York City, of counsel.
Curtis, Mallet-Prevost, Colt & Mosle, New York City, for Indenture Trustee; John P. Campbell, Stephen K. Bone, Robert G. Zack, New York City, of counsel.
Marvin E. Jacob, Associate Regional Administrator, New York City, for Securities and Exchange Commission; Jerome Feller, Branch Chief Nathan M. Fuchs, Atty., New York City, of counsel.

*791 OPINION AND ORDER
KEVIN THOMAS DUFFY, District Judge.
The Duplan Corporation ("Duplan") filed a petition under Chapter XI of the Bankruptcy Act on August 31, 1976. On October 5, 1976, the case was transferred to Chapter X and the following day Alfred P. Slaner was appointed Reorganization Trustee. On October 25, 1976, the United States Trust Company of New York, successor Indenture Trustee for certain subordinated debentures of Duplan, filed its statement under Section 211 of the Act, 11 U.S.C. § 611, and Chapter X, Rule 10-211(a) of the Bankruptcy Rules (governing representation and appearances in Chapter X cases).
This adversary proceeding was instituted by plaintiff bank creditors to establish their purportedly valid perfected security interest in certain of Duplan's assets. The Reorganization Trustee's answer raised numerous defenses and counterclaims, two of which were the subject of a previous motion to dismiss made by the banks. By opinion and order of January 16, 1978, I granted that motion insofar as it sought dismissal of the Reorganization Trustee's Seventeenth Counterclaim seeking an accounting from plaintiff Chemical Bank for its actions as predecessor Indenture Trustee of Duplan's debentures.
United States Trust Company of New York, the Successor Indenture Trustee ("Indenture Trustee"), although not named as a party in this adversary proceeding, nevertheless has filed and served an answer and amended answer to plaintiffs' complaint, asserting, inter alia, defenses and counterclaims similar to those of the Reorganization Trustee, including that relating to an accounting from Chemical Bank. Plaintiffs have moved to strike the Indenture Trustee's answer and amended answer as "unauthorized," since no leave to intervene in this action has been sought. The Indenture Trustee takes the position, supported by the Reorganization Trustee and the Securities and Exchange Commission, that resort to intervention under Rule 24, F.R.Civ.P., is unnecessary since it has a statutory right to participate in this action.
Section 206 of the Bankruptcy Act, 11 U.S.C. § 606, provides in part that "[t]he debtor, the indenture trustees, and any creditor or stockholder of the debtor shall have the right to be heard on all matters arising in a proceeding under this chapter." This right is reiterated in Chapter X and Rule 10-210(a), derived therefrom. Plaintiffs argue that because Rule 24, F.R.Civ.P., is incorporated into Part VII of the Bankruptcy Rules by virtue of Bankruptcy Rule 724, and Part VII applies to Chapter X adversary proceedings, such as here, by virtue of Chapter X Rule 10-701, the Indenture Trustee's "right to be heard" does not obviate the requirement of seeking judicial leave to intervene in this proceeding.
Section 206 was enacted to eliminate the previously restricted rights of interested parties to participate in Chapter X proceedings provided by its statutory predecessor, Section 77B of the Bankruptcy Act, 11 U.S.C. § 207. See, Senate Report No. 1916 on H. R. 8046, 75th Cong., 3d Sess. (1938); In re Keystone Realty Holding Co., 117 F.2d 1003, 1007 (3d Cir. 1941). It was Congress' intention thereby to remove procedural barriers to full participation by such persons. Horowitz v. Kaplan, 193 F.2d 64, 66 (1st Cir. 1951), cert. denied, 342 U.S. 946, 72 S.Ct. 561, 96 L.Ed. 704 (1952). Indeed, Congress also provided at that time that "[t]he judge may for cause shown permit a party in interest to intervene generally or with respect to any specified matter." Section 207 of the Bankruptcy Act, 11 U.S.C. § 607. This provision indicates, by comparison, that leave to intervene would not be required for those persons granted the right of participation in § 206.
The Chapter X Rules promulgated under Sections 206 and 207 support this distinction. While Rule 10-210(a)(1) essentially restates § 206, Rule 10-210(b) echoes § 207. The Advisory Committee's Notes to this rule indicate that the purpose of subdivision (b) "is to permit the court to allow intervention of a person not otherwise entitled under § 206, or subdivision (a) of this rule." *792 Clearly, then, the drafters of the rules envisioned the intervention provisions of Rule 24, F.R.Civ.P., made applicable to this proceeding by virtue of Rule 724 of the Bankruptcy Rules and Chapter X Rule 10-701, to govern participation by those parties referred to in § 207 and Rule 10-210(b), but not the participation of those, such as the Indenture Trustee here, specified in § 206 and Rule 10-210(a)(1).
Although research has revealed a paucity of case law bearing on the interrelationship between Section 206 and Rule 24, F.R. Civ.P., those cases which have discussed the issue support the Indenture Trustee's position. See, e. g., Rudnick v. Coney Island Boardwalk Corp., 181 F.2d 775, 776 (2d Cir. 1950); In re South Street Building Corp., 140 F.2d 363, 367 (7th Cir. 1943), cert. denied, sub nom. Hofheimer v. Gold, 322 U.S. 761, 64 S.Ct. 1279, 88 L.Ed. 1588 (1944); Dana v. Securities & Exchange Commission, 125 F.2d 542 (2d Cir. 1942); In re Flour Mills of America, Inc., 27 F.Supp. 559 (W.D. Mo.1939); In re 8309 Talbot Corp., 27 F.Supp. 40 (E.D.N.Y.1939); cf. Peckham v. Casalduc, 261 F.2d 120 (1st Cir. 1958); cert. denied, 359 U.S. 958, 79 S.Ct. 798, 3 L.Ed.2d 766 (1959); In re Philadelphia & Reading Coal & Iron Co., 105 F.2d 358 (3d Cir. 1939). Commentators are in accord. 6 Collier on Bankruptcy, ¶ 9.23[1] (14th ed. 1977); 3B Moore's Federal Practice, ¶ 24.11[1.-27] (2d ed. 1977); 11 Remington on Bankruptcy, § 4564 (1961 rev.).
Further support for the Indenture Trustee's position is found in the fact that "the right to be heard" provided for in Section 206 and Rule 10-210(a)(1) includes the right of appeal even absent participation in the proceeding resulting in the order from which the appeal is taken. See, Dana v. Securities & Exchange Commission, supra, In re Keystone Realty Holding Co., supra. Surely, if the Indenture Trustee has the right to appeal an adverse determination in this adversary proceeding without the necessity of formally intervening herein, it has the right to presently participate without requesting leave to do so.
Accordingly, plaintiffs' motion to dismiss the Indenture Trustee's answer and amended answer as unauthorized is denied.
SO ORDERED.