## OSBORN v. DETROIT KRAUT CO.

1. EQUITY — BILL OF COMPLAINT — FRAUDULENT CONVEYANCES — PLEADING—MORTGAGES—SETTING ASIDE INSTRUMENTS.

 Averments of complainant's bill to follow corporate property and in the nature of a creditor's suit that a mortgage from defendant corporation to one of its stockholders was void, justified the admission of evidence that the corporation was not indebted to the mortgagee.

2. ASSIGNMENT—MORTGAGES—FRAUDULENT CONVEYANCES—PLEDGE.

 The assignee of a mortgage, which was executed by a corporation to a majority stockholder, and assigned as collateral security to another stockholder, who had notice or knowledge of the facts, did not stand in a better position than the mortgagee.

3. FRAUDULENT CONVEYANCES—CORPORATIONS—CONSIDERATION.
   That the mortgagee had executed a bond to guarantee an indebtedness of the corporation to a bank was a sufficient consideration for the transaction, as against a creditor.

4. SAME—FORECLOSURE—MORTGAGES.
   In a suit to cancel two mortgages of a corporation running to stockholders of the company, the court had no power to foreclose one of them, which it determined to be a valid obligation.

5. SAME—CANCELLATION OF INSTRUMENTS.
   The board of directors has power to authorize the execution of a mortgage to secure corporation debts, which such action does not tend to increase.

6. SAME—PLEDGE—ASSIGNMENT—TRANSFER ON BOOKS.
   One who held corporate stock as a pledge, without transferring the stock certificates on the books, merely entering a memorandum on the stubs in the certificate record, was not entitled to notice of a meeting of the stockholders.

7. SAME.
   The holder of corporate stock, belonging to a majority stockholder as collateral security for notes of the corporation, is a simple contract creditor, not entitled to an equitable lien in the nature of a mortgage on the property of the corporation, but is entitled to have the entire stock so held transferred in his name on the failure of the corporation to pay some of the notes.

Appeal from Wayne; Hosmer, J. Submitted October 11, 1916. (Docket No. 130.) Decided December 21, 1916.

Bill by Francis C. Osborn against the Detroit Kraut Company, Elbridge G. Newhall, and Cornelia Lyon to set aside certain mortgages given by defendant corporation, to establish a lien in the nature of a mortgage and to foreclose the same. From the decree rendered, complainant and defendant Lyon appeal. Reversed in part and decree entered.

*J. O. Murfin,* for complainant.

*Henry B. Graves,* for defendant Lyon.

STONE, C. J. The bill of complaint herein was filed to set aside two real estate mortgages given by the defendant corporation, the Detroit Kraut Company, one having been given to the defendant Elbridge G. Newhall and the other to the defendant Cornelia Lyon, and that plaintiff be decreed to have a lien in the nature of a mortgage upon all the property and assets of said corporation, and to foreclose the same.

A brief statement of the facts is necessary to an understanding of the case. The Detroit Kraut Company was incorporated in May, 1909, with an authorized capital stock of 700 shares of $10 each, making the authorized capital stock $7,000. The organizers were defendant Newhall, as trustee, 350 shares, Charles E. Sweitzer, 25 shares, and Alva G. Pitts, 3 shares. The defendant Newhall became practically the sole person in control of the entire affairs of the corporation. In some way not clearly defined on this record he became the owner of the unsubscribed treasury stock, and also of Mr. Sweitzer's stock, so that out of a total of 700 shares of stock, aside from a few shares to enable parties to qualify as officers and directors, the defendant Newhall claimed to own all of the balance.

On March 24, 1911, through the instrumentality of the defendant Newhall, the defendant Kraut Company borrowed from the plaintiff $5,000, evidenced by a promissory note for that sum, due one year after date, with interest at 7 per cent., payable quarterly. This note was indorsed by defendant Newhall and his wife, who was the daughter of the defendant Cornelia Lyon. Mrs. Newhall died before the hearing of this case. The note was not paid at maturity.

After a conference with Mr. Newhall, he induced the plaintiff, on March 25, 1912, to surrender the original note and to accept in lieu thereof a series of ten notes of $500 each at the same rate of interest, the first falling due in one year, and $500 each suc-

ceeding year, all indorsed by defendant Newhall, and each of these ten notes was secured by 66 shares of the capital stock of the Detroit Kraut Company representing shares issued to the defendant Newhall. The notes were duly made and delivered. Stock certificates indorsed in blank were delivered to plaintiff. The first note of said series was paid. In April, 1914, plaintiff was the holder of nine of said notes, and he held certificates indorsed to him in blank for 594 shares, out of 700 shares of the capital stock of the defendant corporation. It is undisputed that defendant Newhall, upon the stub of the stock certificate book, noted the fact of the indorsement of the first certificate as follows: "Coll. to note $500. F. C. Osborn one year from date." (The other stubs were the same; except that the words "one year" appear "two years," "three years," etc., respectively.) While matters stood in this condition, a meeting of the stockholders was held on April 9, 1914. At this meeting it was ordered as follows:

"That the directors have authority to execute a mortgage upon the real estate of the company to Elbridge G. Newhall to secure him in the amount of $4,008.36, being a part of the indebtedness of the company to him, and a second mortgage to Cornelia Lyon to secure her in the amount of her bonds to the First National Bank."

The plaintiff had no notice of this meeting, and did not attend it. As a result of this meeting a mortgage dated April 9, 1914, was executed and delivered by the Detroit Kraut Company for $4,008.36 to defendant Newhall. On the same day and at the same time a mortgage was executed and delivered by said company for $2,000 to defendant Cornelia Lyon, which last-named mortgage contained the following provision:

"To secure the payment of the principal sum of two thousand dollars, or any less amount which said mort-

gagee may be called upon to pay on account of a bond for said amount executed by her to the First National Bank of Detroit, and interest thereon from date at the rate of 6 per cent. per annum, payable semi-annually until the full payment of said principal sum from the date of such payment by her according to the terms of said bond, and will pay interest at the rate of 7 per cent. per annum semi-annually upon all overdue interest and principal from the time of its or their maturity."

It appears undisputed that the defendant Lyon, jointly with her son-in-law, defendant Newhall, had given a bond to the First National Bank of Detroit in the sum of $2,000, by virtue of which they guaranteed payment at maturity of any notes of the Detroit Kraut Company. After she had received her mortgage she did pay to said bank $1,644.81, and she was liable to said bank at the time of the execution of the mortgage to her as aforesaid.

The said Newhall mortgage was on the day of its execution assigned to Mrs. Lyon, and the two mortgages and this assignment were forthwith recorded. The Newhall mortgage was assigned to defendant Lyon to secure her against loss because of two bonds which she had signed for the accommodation and benefit of Newhall & Co. Newhall & Co. was the business name under which Mr. Newhall conducted a commission business in Detroit. The bonds ran to the First National Bank and to the Detroit Savings Bank. Because of these bonds Mrs. Lyon was thereafter compelled to pay to the respective banks a considerable sum of money. The plaintiff in his testimony stated that at the time he loaned the money as aforesaid he knew of the said indebtedness of the Kraut Company to the bank.

The bill of complaint was taken as confessed by the defendants Detroit Kraut Company and Elbridge G. Newhall. The defendant Cornelia Lyon answered.

The bill of complaint seems to have been filed upon the theory that the plaintiff was a stockholder of the defendant Kraut Company, and as such was entitled to notice of the stockholders' meeting. It states the giving of the two mortgages, and claims that they were given in prosecution of a plan, combination, and agreement on the part of the defendants Newhall and Lyon to defraud plaintiff, and to deprive him of his rights under said promissory notes and certificates of stock, and the bill alleges that the mortgages are void and of no force and effect—

"not only because of the illegality of said fraudulent stockholders' meeting, but because the same were made, executed, and delivered by said officers of said corporation for the mere purpose of defrauding your orator of his rights as such creditor as aforesaid of said corporation and a stockholder therein."

The answer of the defendant Lyon denies all fraud and claims the validity of both of said mortgages, asks to have the bill of complaint dismissed, and prays for no affirmative relief.

The case was heard in the court below upon pleadings and evidence taken in open court. The court, in and by its decree, found that the said mortgage to the defendant Newhall was fraudulent and void, and of no force and effect, and ordered the same canceled, annulled, and held for naught. It found, as to the other mortgage, that it was valid and effectual as against said plaintiff and said defendant the Detroit Kraut Company, and, it having appeared to the court that there was then due upon said last-named mortgage the sum of $1,644.81, together with interest thereon at the rate of 6 per cent. per annum from the 24th day of September, 1914, the decree proceeds to determine the amount due upon the mortgage at that date, and orders and directs a foreclosure of the same,

and a sale of the lands, as in an ordinary foreclosure decree.

The court below also found the amount which was due plaintiff upon the promissory notes which had matured, and also the amount that was owing, but not yet due, upon the remaining notes; that the said plaintiff was entitled to an equitable lien in the nature of a mortgage upon all of the land and premises mentioned in the bill of complaint and described in the decree for the said several sums of money, and decreed a foreclosure of the plaintiff's said lien, and provided for a sale and the execution of a deed. Both parties have appealed.

The defendant Cornelia Lyon has appealed because the court below set aside the Newhall mortgage, and she also complains that the decree provides for a foreclosure of her mortgage, although she prayed for no such thing in her answer, and asks to have the decree set aside in that regard.

Plaintiff has appealed because the court held the mortgage of Mrs. Lyon to be valid, and decreed as due to her the sum which she had paid upon the bond at the said bank on account of the indebtedness of the Kraut Company to the bank.

It is the claim of counsel for defendant Lyon that the bill of complaint nowhere alleges that the Newhall mortgage was void because there was nothing due Newhall from the said Kraut Company. From the quotation which we have made above from the bill of complaint we think it was claimed by the plaintiff that the mortgage was void and in fraud of plaintiff's rights, and that it was competent to show no indebtedness to Newhall. We have read this record with great care, and, while the circuit judge filed no reasons for his decree, we think that part of it which set aside the Newhall mortgage as void may well be sustained upon the ground that the evidence does not show that

any such sum of money, or any specific amount, was due the defendant Newhall from the said Kraut Company. The annual reports of the corporation, duly filed, gave no evidence of the existence of any such debt. A number of the books of account were missing at the hearing, and in fact appear to have been destroyed, and the testimony of Newhall was far from satisfactory. The other officer of the company who was examined was not aware of any such indebtedness to the defendant Newhall. It is true that he said he supposed there might be something due him, but the record is barren of any evidence of any probative force which shows that there was any just foundation for the mortgage to Newhall.

We think that part of the decree of the court below which set aside and held for naught said Newhall mortgage should be affirmed, on the ground that said mortgage was found to be fraudulent and void on the facts proven at the hearing. That mortgage being void, we do not think that the defendant Lyon stands in any better relation to it than did the defendant Newhall. He assigned it to her as collateral security because of her obligations to the bank to pay any indebtedness of Newhall & Co. We do not think that she stands in any better position, under the facts in this case, than did Newhall as to said mortgage.

The mortgage directly to Mrs. Lyon stands upon a different footing. She was at the time of its execution liable by reason of her bond to the bank guaranteeing indebtedness of the defendant Kraut Company, which was then owing. That part of the decree which found the amount due to her should be affirmed.

We do not think that under the pleadings in the case the court below had any power or authority to order a foreclosure of that mortgage; and, as the defendant Lyon asks that that part of the decree be vacated, and as this cannot injure the plaintiff, but will give the

company more time to redeem, that part of the decree which orders a foreclosure of that mortgage will be reversed.

The power of the directors, under the circumstances, to execute a mortgage to Mrs. Lyon to secure its liability and indebtedness to her, finds support in our own decisions. *Bank of Montreal* v. *Lumber Co.,* 90 Mich. 345 (51 N. W. 512); *O. W. Shipman Co.* v. *Railway,* 140 Mich. 589 (104 N. W. 24); *Haight* v. *Smith,* 178 Mich. 392 (144 N. W. 830). Nor do we think that the plaintiff was a stockholder in said company in the sense that he was entitled to any notice of the stockholders' meeting. The certificates of stock had been assigned to him in blank as collateral security to said notes, but the stock had never been transferred to him upon the books of the company. He was therefore not in the proper sense such a stockholder of the company as entitled him to a notice of the stockholders' meeting. The stock, in so far as the books of the company showed, stood in the name of the defendant Newhall, notwithstanding the memoranda which had been entered upon the stubs in the certificate of stock book. In fact, we are of the opinion that it was not necessary to hold a stockholders' meeting to authorize the mortgage to the defendant Lyon. We think that the directors had power to authorize the execution of this mortgage to secure corporate debts. Such mortgage did not increase the indebtedness of the company. 3 Cook on Corporations (7th Ed.), § 808, and cases cited: *Turney* v. *Brick Co.,* 184 Mich. 439 (151 N. W. 590).

We are unable to agree with the plaintiff and the court below that the plaintiff has any equitable lien in the nature of a mortgage upon the property of the defendant Kraut Company. He is simply a contract creditor, his only security being certificates of stock in the corporation issued to defendant Newhall and

indorsed by him in blank and delivered to plaintiff as collateral security in the ordinary way. In so far as this record shows, the plaintiff can have this stock transferred to him on application any day. It is sufficient in amount to be controlling. This will give him the right, subject to the mortgage of defendant Lyon, to control the destinies of the defendant Kraut Company, whatever they may be. While it is true that some of his notes have not yet matured, he has the right to have the entire stock transferred to him.

That part of the decree which gave to plaintiff a mortgage lien and foreclosed the same will be reversed.

Neither party having herein accomplished all that it has attempted to do, we are impressed with the fact that neither party is entitled to costs. The plaintiff and defendant Lyon will by the decree equally share and pay the expenses of procuring transcript of the evidence and printing the record. No other costs will be awarded. A decree will be entered in this court in accordance with this opinion.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.