**In re FLOUR MILLS OF AMERICA, Inc.**
**No. 15787.**

District Court, W. D. Missouri, W. D.
May 5, 1939.

Edgar Shook (of Sebree, Sebree & Shook), of Kansas City, Mo., for Thornton Cooke, trustee.

Thornton Cooke, trustee in pro. per.

Joseph B. Duggan, of Chicago, Ill., in pro. per., Joseph L. Weiner, of Washington, D. C., and W. McNeil Kennedy, of Chicago, Ill., for Securities and Exchange Commission.

Cyrus Crane and R. Arch Smith (of Lathrop, Crane, Reynolds & Mersereau), both of Kansas City, Mo., for debtor.

George Reinhardt, Edward L. Scheufler, and John F. Rhodes (of Bowersock, Fizzell & Rhodes), all of Kansas City, Mo., and Wm. Ritchie, of Omaha, Neb., for Gold Noteholders Protective Committees.

B. I. Litowich (of Burch, Litowich & Royce), of Salina, Kan., for R. J. Long, Walter Hoffman, and Ray L. Head, committee representing 6½ per cent. Gold Noteholders.

A. Zach Patterson and D. C. Chastain (of Patterson, Chastain, Graves & Smith), both of Kansas City, Mo., for Preferred Stockholders Protective Committee.

REEVES, District Judge.

This is a proceeding for corporate reorganization under an Act approved June 22, 1938. Such Act is incorporated in a general revision of the Bankruptcy Laws and constitutes Chapter X of such general revision. Section 101 et seq., 11 U.S.C.A. § 501 et seq. Said chapter is practically a code within itself and fixes the rights of parties and prescribes the course and procedure of the proposed reorganization.

Since bankruptcy constitutes a branch of equity jurisprudence, the principles of equity apply in resolving questions arising in the proceeding.

After the petition had been filed a committee representing a class of security holders obtained leave to intervene in the proceeding. Following that, a committee representing an entirely different class of security holders also obtained leave to file an intervening petition. In the meantime the Securities and Exchange Commission was requested to file notice of its appearance in the proceeding, as contemplated by Section 208 of said Chapter X of the Act, 11 U.S.C.A. § 608.

Upon the appearance of the Securities and Exchange Commission, not by intervention, but with all the rights of an intervenor, a motion was filed by its counsel to vacate the orders allowing intervention by committees representing security holders.

The several committees have resisted the motion, as they are of the opinion that such committees are appropriately admitted as parties in the proceeding, and that the rights of security holders can best be protected in that way.

Briefs have been submitted, and an examination of the statute has been made in connection with said briefs.

 1. As a postulate to a fair and full consideration of the questions involved, it should be kept in mind that this is a proceeding in bankruptcy, although limited in its purpose. By this proceeding it is not sought to have distribution of assets made to creditors in the usual way, as in liquidation, but, rather to effect a corporate reorganization and the distribution to creditors and security holders of substitute obligations with only such impairment of contractual rights as may be necessary to continue the corporate entity as a going concern.

Equitable principles must be applied, and probably general orders in bankruptcy, as well as other general provisions of the bankruptcy law.

 2. Section 208 of the Act being one of the sections under Article IX relating to the subject of "Creditors and Stockholders," provides for the appearance by the Securities and Exchange Commission either upon request of the judge or upon its own motion.

By the mere filing of its notice of appearance, "the Commission shall be deemed to be a party in interest, with the right to be heard on all matters arising in such proceeding, and shall be deemed to have intervened in respect of all matters in such proceeding with the same force and effect as if a petition for that purpose had been allowed by the judge; but the Commission may not appeal or file any petition for appeal in any such proceeding."

It was under the authority of this section that the Commission appeared and by specific authorization it has a right to par-

ticipate in the proceedings. It was clearly within the right of counsel for the Commission to file motion to vacate the orders hereinabove mentioned.

The particular provision under which the committees for security holders filed their intervening petitions is Section 207, 11 U.S.C.A. § 607, also a part of said Article IX. It was there specifically provided that "the judge may for cause shown permit a party in interest to intervene generally or with respect to any specified matter."

It is argued by counsel for the Commission that the interest of an intervenor must be something different from that of the ordinary security holder or creditor, as otherwise all security holders and creditors would be specifically granted the right to intervene in the proceeding.

Section 206 of said Chapter X, 11 U. S.C.A. § 606, also being one of the sections under Article IX, referring to "Creditors and Stockholders," provides: "The debtor, the indenture trustees, and any creditor or stockholder of the debtor shall have the right to be heard on all matters arising in a proceeding under this chapter."

This is precisely in accordance with the general provisions of the bankruptcy law which permits creditors and other interested parties to resist the proceedings or prove their claims without the necessity of a formal intervention. Provision is made under general law for appeal by any interested party who may be aggrieved by an order or a decision in bankruptcy.

Intervention is not a condition precedent to such appeal. If the Congress had had the purpose to authorize interventions by creditors or stockholders, then it was surplusage to make the provision quoted from said Section 206.

A creditor or stockholder without intervention under this statute would have the identical right to be heard with that of an intervenor whose particular interest would entitle him to file an intervention under said Section 207.

It must have been the thought of the Congress that there would be interests, other than those of creditors and stockholders, which for cause shown would warrant an intervention. Since these interests are not specifically mentioned in the statute the right to be heard could only be acquired upon leave to intervene. The Congress, by said Section 206, made all creditors and stockholders in corporate reorganizations intervenors without the necessity of a formal court order. Moreover, it clothed the Securities and Exchange Commission with all of the rights of an intervenor merely by its appearance in the case.

3. The intervenors in this case filed applications for intervention wherein the identical information is supplied as that contemplated in Section 211 of said chapter, 11 U.S.C.A. § 611.

This section says: "Every person or committee, representing more than twelve creditors or stockholders * * * who appears in the proceeding shall file with the court a statement, under oath, which shall include," etc.

The language of this section contemplates an appearance, but not by an intervention, and furthermore, it is assumed that creditors and stockholders may be represented by committees, or groups of creditors and stockholders may be represented by a person.

An examination of other sections of the chapter, such as Section 209, 11 U.S. C.A. § 609, discloses the obvious purpose of the Congress to afford any creditor or stockholder the right to appear in person, by an attorney at law, by duly authorized agent, or by a committee.

4. It is suggested by counsel in lucid briefs that the work of reorganization and the entire proceeding would be simplified if the interventions were limited to the recognition of a few committees as representatives of all of the interested parties. The law does not contemplate this. It vouchsafes to every person the right to be heard in a way that he may select. The judge must hear him in his own proper person, or by an attorney, or by an agent, or through a committee. It might be advisable, if interested groups were united in a common representation, but it is not the function nor the power of the court to direct or coerce creditors or stockholders to become articulate in the proceeding only through representatives of groups, or through representatives approved by the judge.

5. Interventions are not contemplated in bankruptcy in so far as creditors and stockholders are concerned. Orders and decrees must always be responsive to the pleadings and must dispose of all the

parties. It would unduly extend and amplify orders and decrees if in a proceeding such as this all interested parties would have to be shown and the decrees recite the interest of each creditor and stockholder.

 It must follow that the judge is without right or authority to interfere with representations or appearances in these proceedings. Moreover, while the interventions cannot give the intervenors any authority or position not enjoyed by others not intervening, yet the allowance of such interventions might be construed as an improper preference of the judge. The practical effect of such would be a violation of the spirit of the law. Under such circumstances, motion to vacate the orders permitting intervention will be sustained. It is so ordered.