## In re BENDER BODY CO.

### No. 55795.

District Court, N. D. Ohio, E. D.

June 23, 1942.

Paul Clarke and Henry B. Johnson, both of Cleveland, Ohio, for Hugh Wells, trustee in bankruptcy.

Brunson MacChesney and Austin Fleming, both of Washington, D. C., for Leon Henderson, Administrator of the Office of Price Administration.

Nicola & Horn, of Cleveland, Ohio, for Midland Steel and Equipment Co., and Michael Tauber and Co., Intervenors.

WILKIN, District Judge.

This cause was submitted on petition and motion of Midland Steel & Equipment Company and Michael Tauber & Company for an order permitting them to intervene. The case is pending in this court upon a petition to review an order of the Referee in Bankruptcy made December 19, 1941, which held that the provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., and other rules of law requiring sale of property at public auction to the highest bidder were not set aside or superseded by Price Schedule No. 1 as amended, issued by the Office of Price Administrator, established by executive order of the President.

When the Price Administrator, Leon Henderson, intervened in the bankruptcy proceedings before the Referee and insisted that the machine tools listed in the bankrupt estate should not be sold at prices above the "ceiling" prices established by the Administrator, a stipulation was entered into between the Administrator and the Trustee in Bankruptcy agreeing that the sale should be conducted as usual and that all prices paid above "ceiling" prices should be sequestered and held until the court should determine whether or not the orders of the Office of Price Administrator or the statutes and rules governing bankruptcy sales should prevail.

The referee in bankruptcy determined that the usual provisions governing bankrupt sales were not affected by the order of the Price Administrator. After the case had been brought to this court on petition for review, the two petitioning purchasers filed their petition and motion, basing their right to intervene on Rule 24(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The question raised by the petition for review is: Does the bankruptcy law or the order of the Price Administrator govern the bankruptcy sale? It seems to this court that the question is peculiarly and distinctly one of public law. The principal parties to the controversy are, on the one hand, the Trustee in Bankruptcy, who represents the creditors of the estate, and, on the other hand, the Price Administrator, who represents the Federal government in its effort to regulate and stabilize prices. The question which the court is to determine is whether the bankruptcy law or the law regulating prices shall control the sale conducted in this case.

The immediate question raised by the petition and motion to intervene is: Have the two petitioning purchasers such an interest in the controversy as entitles them to become parties? The petitioners assert that they have a vital interest in the sequestered fund and that their interest will be affected by the decision, and that their interest is not adequately represented.

It is conceded that the sequestered fund amounts to about twenty thousand dollars and that the stipulation provides that in case the ultimate decision is in favor of the Price Administrator the sequestered fund will be returned to the purchasers, and it is conceded that the interest of the two petitioning purchasers in such sequestered fund is somewhat more than four thousand dollars. It is also conceded that the intervention at this time would not delay the case.

The Trustee objects to the intervention at this time, and says that the petitioning purchasers are without right because they failed to make their entry within the ten days required by Section 39, sub. c, of the Bankruptcy Acts.

■■ It seems to this court that Rule 24(a) of the Rules of Civil Procedure should prevail if the interest of the purchasers is such as to entitle them to consideration in the case. But a careful study of that question leads the court to the conclusion that not only have the petitioning purchasers no such interest as entitles them to intervene, but that the question is one which should be determined without regard to their claimed interest, i. e., without regard to its effect upon individual purchasers.

The purchasers appeared at the sale, entered into competitive bidding, and obtained the goods which they bought by virtue of their highest bid. It seems to the court that they thereby acquiesced in the application of the bankruptcy law so far as they are concerned, individually and as purchasers. The right which the Price Administrator now asserts in this court is a right based upon the action of the government with reference to the public policy regarding stabilization of prices. As to the rights which the Price Administrator asserts, the purchasers have no more interest than that which other citizens would have, and that is not such interest as would entitle a person to intervene. Moreover, that interest, whatever it is, is being adequately protected by the action of the Administrator.

If the ultimate decision of the question to be reviewed is in favor of the Price Administrator, the sequestered fund will be returned to the purchasers who paid such fund to the Trustee in Bankruptcy. If the law does not permit the Trustee to accept anything above "ceiling" prices, the amount by which the prices paid exceed such "ceiling" is the property of the purchasers, and the stipulation provides for its return to them.

If, on the other hand, the bankruptcy law prevails and the highest bids were lawful prices to be charged by the Trustee, then the sequestered fund is a part of the bankrupt estate, and the petitioning purchasers have no interest in it. In either event they have no individual rights in this pending case which require or permit intervention on their part. True, they may be affected by the ultimate decision. They will or will not obtain a refund depending on that decision. But, as stated, that decision should be made not because of any individual interest which they assert, but wholly upon the determination of which law, that directing the settlement of bankrupt estates, or that directing the regulation of prices, should prevail in this case.

The petition to intervene is denied and the motion to intervene is overruled.

NOTE: Generally the bankruptcy law makes liberal provision for the hearing of all parties having any right or interest that is affected by the bankruptcy proceedings, and intervention has, therefore, not been necessary. Remington on Bankruptcy (4) Section 2565.50; In re Flour Mills of

America, D.C., 27 F.Supp. 559. And intervention has not been favored by the courts. In re Philadelphia & Reading Coal & Iron Co., 3 Cir., 105 F.2d 358; In re L. & R. Wister & Co., 3 Cir., 237 F. 793.