**BROMLEY et al. v. SOBOL et al.**
Civ. No. 3669.

United States District Court
D. Colorado.
Nov. 20, 1951.

Kenneth W. Robinson and Robert D. Charlton, Denver, Colo., for plaintiffs.

Ivor O. Wingren, Denver, Colo., for Harry Sobol.

Philip S. Van Cise and Edwin P. Van Cise, Denver, Colo., for Chester Sobol, M. D. Sobol and Broadway Industrial Bank.

Quiat & Ginsberg, Denver, Colo., for applicants for intervention.

KNOUS, District Judge.

This is a plenary suit, filed August 28, 1951, by the Trustee in Bankruptcy to recover, inter alia, $270,377.12 worth of assets of the Broadway Industrial Bank and such part of the capital stock of said bank as is held by defendants Chester Sobol and M. B. Sobol. The complaint alleges that the assets of the bank, which the Trustee seeks, constitute the property of Gross Finance Company and that they were fraudulently transferred to the bank for the purpose of hindering, delaying or defrauding creditors of Gross Finance Company and Harry Sobol. The complaint sets forth detailed means by which this transfer is said to have been accomplished. It is not necessary to repeat them here.

Harry Schockett and Victoria Newman have interposed a motion to intervene as defendants and have filed their proposed answer and cross-complaint. Rule 24 F.R. C.P., 28 U.S.C.A. The plaintiff, Trustee, opposes this motion.

Intervention is sought under Rule 24(b) (2) F.R.C.P., which provides that: "Upon timely application anyone may be permitted to intervene in an action * * * when an applicant's claim or defense and the main action have a question of law or fact in common. * * *"

It is well established that in ruling on the question, the Court may give consideration to the intervenors' intended pleading. 4 Moore's Federal Practice 118.

The intervenors' proposed cross-complaint alleges that on February 7, 1951, Harry Sobol delivered to the intervenors 332⅓ shares of his own stock in Broadway Industrial Bank, together with an assignment thereof, to secure an obligation he owed to them. It further pleads that on the same day the intervenor Harry Schockett purchased ten additional shares of Broadway Industrial Bank stock from M. B. Sobol. The alleged purpose of the intervention is to protect the interests which Schockett and Newman acquired by virtue of these dealings.

It is to be noted that the Trustee advances no claim to the stock which Schockett is alleged to have purchased and own, and asserts no right to the stock of Harry Sobol in which the intervenors claim a lien interest and which they have in their possession. True, he seeks all or nearly all the assets of the corporation. But the corporation is a distinct and independent entity, and a lien on outstanding stock of a corporation to secure a debt of the individual stockholder owning such shares does not create a lien against the actual corporate assets. Baker v. Josephson, 137 N.J.Eq. 377, 44 A.2d 909; Osborn v. Detroit Kraut Co., 193 Mich. 664, 160 N.W. 442, 445. If Schockett and Newman's interests in Broadway Industrial Bank by virtue of their share holdings were to be judicially determined in this plenary action, in accordance with their prayer for relief, an entirely new issue, without a question of law or fact common to the principal suit would be interjected. Rule 24 does not contemplate intervention under these circumstances.

It may be pointed out that in the event the Trustee is successful in this action and retrieves the assets of Broadway Industrial Bank, Schockett and Newman, along with other claimants, will have ample opportunity to pursue and protect any direct claim on the assets of the corporation in the course of administration of the bankrupt's estates. It would be utterly futile unduly to broaden and confuse the issues which are now before the Court with matters that will become entirely immaterial if the defendants prevail and which, even if the Trustee wins, cannot be finally adjudicated in this plenary action and which present the very questions that under standard bankruptcy procedure are resolved by the Referee in the first instance. The Bankruptcy Act contains liberal provisions for the adjudication of all interests affected by the proposed intervention proceeding. In re Bender Body Co., D.C., 2 F.R.D. 413, 414.

It Is, Therefore, Ordered, Adjudged and Decreed that the motion of Harry Schockett and Victoria Newman to intervene as defendants in this action be and the same hereby is denied, without prejudice.