The JEFFERSON COUNTY SAV-
INGS BANK

v.

CAPARRA GARDENS HIGHLAND DE-
VELOPMENT CORPORATION

v.

Aurelio TIÓ and Zoé Vivoni, his wife,
Intervenors.

Civ. No. 795–68.

United States District Court,
D. Puerto Rico.

Oct. 1, 1971.

Alberto R. Esteves, Tilley, Esteves & Rios, Hato Rey, P. R., for plaintiff.

Rodriguez-Maduro & Torres Vila, Santurce, P. R., for defendant.

J. M. Toro Nazario, Río Piedras, P. R., for applicants for intervention.

ORDER

FERNANDEZ-BADILLO, District Judge.

On June 17, 1971 Aurelio Tió and Zoé Vivoni filed a Motion for Leave to Intervene together with an Intervener's Answer and Counterclaim in this action. On July 8, 1971 this Court heard oral argument by counsel on behalf of plaintiff and of applicants, both of whom subsequently filed briefs in support of their respective positions. The Court having considered the arguments and the evidence and being fully advised in the premises now makes the following:

FINDINGS OF FACT

1. Applicants for intervention hold a subordinated mortgage lien over the property which is the object of the second foreclosure in this action, said subordination having been agreed to by applicants as per Deed No. 19, dated June 5, 1971, before Notary Thomas C. Tilley.

2. Plaintiff holds a first mortgage as evidenced by Deed No. 147 of June 5, 1967, matter which is recognized in the aforementioned Deed No. 19.

3. By reason of said subordination, Applicants agreed and consented to hold a second mortgage over the property.

4. This situation exists entirely independent of this action.

CONCLUSIONS OF LAW

1. As holders of a second mortgage, applicants will not be bound by the result of this action within the meaning of Rule 24(a) (2) of the Federal Rules

of Civil Procedure; Sutpehn Estates v. United States, 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19 (1951).

2. No common questions of law and fact exist between the main action and applicants' claim. The main action is a mortgage foreclosure whereas applicant's claim raises a question of mortgage priority which would be a new issue in the action. Rule 24 does not contemplate intervention when an entirely new issue will be introduced. United States v. Bendix Home Appliances, D.C. N.Y., 10 F.R.D. 73; Bromley v. Sobol (D.Colo.1951) 101 F.Supp. 116; Schockett v. Bromley, 198 F.2d 257 (10th Cir., 1952).

3. This Court believes that to grant intervention at this stage of the proceedings would unduly delay and prejudice the adjudication of the rights of the original parties.

Applicants' Motion for Leave to Intervene dated June 17, 1971, is hereby denied and Counterclaim filed on said date must be dismissed.