**TPI CORP., Plaintiff,**

v.

**MERCHANDISE MART OF SOUTH CAROLINA, INC., et al., Defendants.**

**Civ. A. No. 73–1316.**

United States District Court, D. South Carolina, Columbia Division.

Jan. 15, 1974.

J. Wesley Drawdy, Columbia, S. C., for plaintiff.

Jimmy W. Grimes, of Grimes & Strait, Columbia, S. C., for the defendants.

HEMPHILL, District Judge.

## ORDER

## ON MOTIONS TO INTERVENE

Petitioners, Thomas Climatic Control, Inc., Thomas Climatrol, Inc., Cable Corp., all business corporations organized under the laws of South Carolina, and Old South Development Co., a partnership also organized under the laws of South Carolina, seek to intervene in this action on defendants' side. The movants are sisters of the two named defendant corporations. All six corporations are children of the individual defendant, Paul M. Thomas. Plaintiff is a corporation organized under the laws of Tennessee and alleges jurisdiction on the basis of diversity of citizenship.[1] Plaintiff resists "intervention".

## STATEMENT OF FACTS

In or around October, 1971, the individual defendant, Paul Thomas, contacted Electri-Heat Co., Johnson City, Tennessee, a subsidiary of plaintiff, TPI Corporation, concerning the purchase of air conditioning units to be used in two Econo Travel Motor Hotels of which petitioner-intervenor, Old South Development Co., is the owner and operator. Thomas is a general partner in the Old South Development Co.

Thomas sought to have the air conditioners sold to the named defendant, Thomas Electric Co., Inc., of which Thomas is the president and principal owner. Thomas Electric Co., Inc., is the normal buying agent for petitioner-intervenor, Thomas Climatic Control, Inc., of which Thomas is also president and principal owner. For reasons not important to this decision the sale was made through the named defendant, Merchandise Mart of South Carolina, Inc., of which Thomas is also president and principle stockholder. Billing was directly to Thomas Electric Co., Inc.; delivery, directly to the building sites; and installment, presumably done by Thomas Climatic Control, Inc., as claimed in its petition.

Later, petitioner-intervenor, Cable Corp., of which Thomas is the president and principle owner, was formed to develop and build four more Econo Travel Motor Hotels. The same procedure described hereinabove was used to procure air conditioning units except that petitioner-intervenor, Thomas Climatrol, Inc., of which Thomas was also president and principle owner, installed the air conditioners.

The same method was used successfully to purchase over 300 air conditioning units for which approximately 250 have been paid. However, allegedly due to an unusually high rate of failure on the later deliveries, payment was delayed in order to try to negotiate an adjusted price for the allegedly defective merchandise. Plaintiff's subsidiary, Electri-Heat Co., made certain arrangements with the two installers, Thomas Climatic Control, Inc.,

1. See 28 U.S.C. § 1332.

and Thomas Climatrol, Inc., to correct the defective merchandise at Electri-Heat's expense.

After failure of the named defendants to pay the purchase price of $15,973.89 on the remaining 50 air conditioners, plaintiff filed his complaint in this court on October 22, 1973. On December 17, 1973, the four petitioner-intervenors filed these motions which begat this consideration.

Petitioner-intervenors do not state under which Federal Rule of Civil Procedure they are proceeding, but it appears to the court that they seek to intervene under Federal Rules of Civil Procedure 24(a)(2) or (b)(2).

The claims of petitioner-intervenors, Thomas Climatic Control, Inc., and Thomas Climatrol, Inc., state that they incurred repair expenses as a result of the allegedly defective manufacture of the air conditioning units in the amounts of $6,185.29 and $2,794.88, respectively.

The claims of petitioner-intervenors, Cable Corp. and Old South Development Co., state that they have incurred damages by way of loss of room revenue while these units were inoperative and damages to their reputations and loss of goodwill as a result of these air conditioners malfunctioning while the rooms were occupied. No dollar amounts are given, but jurisdictional amount is claimed.[2]

## ISSUES

1. Are petitioner-intervenors entitled to intervene of right under Rule 24(a)(2)[3]?

2. If not, may the court in its discretion allow permissive intervention of petitioner-intervenors under Rule 24(b)(2)[4]?

## INTERVENTION OF RIGHT

Rule 24(a)(2), as amended in 1966, establishes three conditions which an applicant must meet in order to intervene as a matter of right:

(1) the applicant claims an interest relating to the property or transaction which is the subject of the action, and

(2) he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest,

(3) unless the applicant's interest is adequately represented by existing parties.

Here there is no doubt that petitioner-intervenors claim interests relating to the transaction which is the subject of the action. This is a suit for breach of contract to recover the amount due for approximately 50 air conditioners from the two corporate purchasers and the individual behind the corporations. The four petitioner-intervenors are sister corporations claiming an interest relating to the transaction. Two of the corporations are owners and operators of the six motels in which the allegedly de-

2. For the sufficiency of this pleading for jurisdictional purposes, see Craven v. Associated Transport, Inc., 40 F.R.D. 8 (D.S.C. 1966), citing Williams v. Nichols, 266 F.2d 389 (4th Cir. 1959).

3. Fed.R.Civ.P. 24(a)(2). Intervention of Right.
   Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to pro-

tect that interest, unless the applicant's interest is adequately represented by existing parties.

4. Fed.R.Civ.P. 24(b)(2). Permissive Intervention.
   Upon timely application anyone may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

fective air conditioners were installed. They claim an interest in obtaining damages for lost room revenues and for injury to their goodwill and public image. The other two corporations installed and attempted to repair some of the allegedly defective air conditioners. They claim an interest in obtaining remuneration for their services and maintenance. Thus, the four petitioner-intervenors meet the first condition of Rule 24(a)(2).

■ However, it does not appear that they meet the second condition. The four petitioner-intervenors are not so situated that the disposition of the action may as a practical matter impair or impede their ability to protect their interests. The outcome of this lawsuit will not resolve the interests of the petitioner-intervenors. As a result, they will still be able to press their claims against plaintiff in the state court in Tennessee. Petitioner-intervenors have no interest to protect in this lawsuit, only an interest to assert. Literally, Rule 24(a)(2) requires a practical impairment of the ability to *protect* an interest and not a practical impairment of the ability to *assert* an interest.

■ Having found that the petitioner-intervenors have not met one of the conditions, it is not necessary to consider whether the third condition is satisfied. Nevertheless, the court will consider the third factor for the sake of entirety.

■ If the first two conditions of Rule 24(a)(2) are met, petitioner-intervenors are entitled to intervene as a matter of right *unless* their interest is adequately represented by existing parties. Thus, the use of the term "unless" in the 1966 amendment puts the burden of proving adequacy of representation on the party opposing intervention. Smuck v. Hobson, 132 U.S.App.D.C. 372, 408 F.2d 175, 181 (1969); Nuesse v. Camp, 128 U.S.App.D.C. 172, 385 F.2d

694, 702 (1967). *Cf.* Trbovich v. United Mine Workers of America, 404 U.S. 528, 538, n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686, 694, n. 10 (1972).

■ It appears that the burden cannot be carried here. Even though the two named corporate defendants are sister corporations of the four petitioner-intervenors, one corporation cannot assert a legal claim of another separate corporation. Neither may the individual defendant, as either a partner, officer, or shareholder, assert the legal claim of the petitioner-intervenors. In order for the legal claims of the petitioner-intervenors to be properly adjudicated, they themselves must be before the court. Sister corporations and individual partners, corporate officers or shareholders cannot adequately represent before a court a legal claim of a partnership or a corporation.

Although the petitioner-intervenors show interests relating to the transaction which is the subject of the action and the opposing party fails to show that the petitioner-intervenors are adequately represented by existing parties, the petitioner-intervenors have failed to show that they are so situated that the disposition of the action may, as a practical matter, impair or impede their ability to protect their interest and therefore the court finds that they may not intervene as a matter of right under Rule 24(a)(2).

## PERMISSIVE INTERVENTION

Rule 24(b)(2), as amended in 1966, establishes two conditions which an applicant must meet in order to intervene as a matter of grace:

(1) an applicant's claim or defense and the main action have a question of law or fact in common, and

(2) in its discretion, the court shall determine that the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

■ In addition, the federal courts have imposed two more conditions which an applicant must meet[5]:

(3) intervention will not destroy the jurisdiction of the federal court when based on diversity of citizenship, and

(4) the jurisdictional amount in controversy must be satisfied for the claims or defenses of the petitioner-intervenors.

There is no dispute that the petitioner-intervenors' claims and the main action have questions of fact in common, even though there may be no question of law in common. Since the petitioner-intervenors' claims and the main action arose out of the same transaction, the first condition for permissive intervention under Rule 24(b)(2) is satisfied.

The second condition is also met. Plaintiff does not contend that intervention will unduly delay this lawsuit or prejudice it. In its discretion, the court has determined that intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. In fact, it appears that the denial of intervention will unduly delay the adjudication of some rights of some original parties. Denial will necessitate the bringing of another lawsuit by the individual defendant and the four petitioner-intervenors in the state court in Tennessee in order to adjudicate some of the rights between plaintiff and the individual defendant. All the facts can be displayed in this forum, which plaintiff chose. It appears that facts common to all the claims of petitioner-intervenors will, of necessity, find their way into the present controversy.

The court has decided that both of the original two conditions of Rule 24(b)(2) are met and that the court should permit intervention. In addition, the court must deal with two more conditions which some federal forums have injected into Rule 24(b)(2).

■ The third factor to be considered in evaluating permissive intervention is whether intervention will destroy the jurisdiction of the federal court when based on diversity of citizenship. It was long ago settled by the Supreme Court that complete diversity must exist between all of the parties on one side of a case and all of the parties on the adversary side of the case. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). However, the Supreme Court has never decided whether a district court may permit intervention of a party who would destroy diversity if the intervening party could have been joined as an original party. There is a conflict among the lower federal courts although most have ruled that intervention must be denied if diversity will be destroyed. This problem is not posed in this lawsuit.

The petitioner-intervenors are a partnership and three corporations organized under the laws of South Carolina and plaintiff is a corporation organized under the laws of Tennessee. Since diversity of citizenship would not be destroyed by their permissive intervention, this third condition is satisfied.

The fourth condition for permissive intervention under Rule 24(b)(2) is that the jurisdictional amount in controversy must be satisfied for the claims or defenses of the petitioner-intervenors. This court notes that Rule 24 itself says nothing about such an additional requirement of jurisdictional amount for intervenors. Furthermore, this court takes cognizance of the fact that the Supreme Court has never commented upon this judicially created condition. However, both the Fifth and Eighth Circuits have approved the imposition of this requirement. Humble Oil & Refining Co. v. Sun Oil Co., 190 F.2d 191, 197 (5th Cir. 1951), cert. denied, 342 U.S. 920, 72 S.Ct. 367, 96 L.Ed. 687 (1952); Babcock

---

5. See 3B Moore's Federal Practice ¶ 24.18[1]; Wright & Miller, 7A Federal Practice and Procedure, § 1917.

& Wilcox Co. v. Parsons Corp., 430 F.2d 531 (8th Cir. 1970). The Ninth Circuit has refused to impose this condition. Northeast Clackamas County Electric Co-operative, Inc. v. Continental Casualty Co., 221 F.2d 329, 333 (9th Cir. 1955). The Fourth Circuit has not had an occasion to speak on the matter. However, there is one District of Maryland case and one District of South Carolina case which have applied this additional unstated requirement. State of Maryland to Use of Carnesdale v. Rolen, 124 F.Supp. 86, 87 (D.Md.1954); Beard-Laney, Inc. v. Pressley, 18 F.R.D. 162, 163–164 (W.D.S.C.1955). Plaintiff urges this court to require the satisfaction of this condition. This court refuses to do so for the following reasons.

The jurisdictional amount of $10,000 required in diversity of citizenship cases is satisfied in the main action between plaintiff and the two named corporate defendants and the one individual defendant. This is sufficient in the mind of this court to establish jurisdiction over all claims related to the main action before the court, even where such additional claims are between one of the original parties and a petitioner-intervenor. It should not matter that these additional claims do not by themselves satisfy the jurisdictional amount. Thus, if intervention is permissive only, this court finds that no independent grounds for jurisdiction need to be satisfied.

The reason posited by most federal courts for denying permissive intervention if independent grounds for jurisdiction do not exist is that a violation of Rule 82[6] might result. By so construing Rule 24 to permit intervention, it is said that the jurisdiction of the district court is extended to embrace claims which it could not adjudicate if originally brought in the district court by the petitioner-intervenors.

This rationale ignores the fact that the jurisdiction of the district court is *not* extended to embrace claims which it could adjudicate if brought in the district court by plaintiff if all original defendants and petitioner-intervenors were sued initially. Here is a situation where plaintiff has sued only defendants against which it has a claim and has ignored other related entities which have a claim against it arising out of the same transaction. Thus, by a sharp bit of procedural practice, plaintiff has attempted to postpone any liability that it may incur by putting the opposition to additional expense in bringing a similar lawsuit based on the same transaction in the state court in Tennessee. This duplication of judicial effort is one of the vices which Rule 24 was intended to eliminate. If the judicial gloss on Rule 24(b)(2) is followed in this case, the letter of the law will be used to defeat the spirit of the Rule. This court will not allow such a sporting theory of justice to prevail and therefore this judicial gloss on Rule 24(b)(2) will be ignored.

Most cases call for a liberal construction of Rule 24. See Brotherhood of Locomotive Engineers v. Chicago, M., St. P. & P. R. Co., 34 F.Supp. 594 (E.D.Wis.1940); Clark v. Sandusky, 205 F.2d 915 (7th Cir. 1953); Peterson v. United States, 41 F.R.D. 131 (D.Minn. 1966); Lipsett v. United States, 37 F. R.D. 549 (S.D.N.Y.1965), app. dismissed, 359 F.2d 956 (2d Cir. 1966). But there is authority to the effect that the rule does not contemplate intervention when an entirely new issue will be introduced thereby. Jefferson County Savings Bank v. Caparra Gardens Highland Development Corp., 53 F.R.D. 178 (D.P.R.1971). Nevertheless, in applying Rule 24, its purpose to prevent multiplicity of suits involving common questions of law or fact should not be ignored.

---

6. Fed.R.Civ.P. 82. Jurisdiction and Venue Unaffected.

These rules shall not be construed to extend or limit the jurisdiction of the United States district courts. . . .

Reich v. Webb, 336 F.2d 153 (9th Cir. 1964), cert. denied, 380 U.S. 915, 85 S. Ct. 890, 13 L.Ed.2d 800 (1965). The two conditions stated in Rule 24(b)(2) are satisfied by petitioner-intervenors. Since a multiplicity of lawsuits will be avoided, permissive intervention has been allowed. The court has not applied Rule 24 any more liberally than stated within its own bounds. What the court has done is refused to apply a judge-made condition which narrows the rule.

■ This court's conceptual analysis of the effect of a denial of permissive intervention is buoyed by Rule 1.[7] Allowance of intervention under Rule 24(b)(2) will result in the just, speedy and inexpensive determination of all claims between plaintiff, the named defendants, and the petitioner-intervenors. Denial of intervention will result in prejudice to some rights of the individual defendant and to all rights of the petitioner-intervenors, undue delay occasioned by lengthy procedural wrangling in the court, and possibly the federal and state courts of Tennessee, and finally a slow and expensive determination of all claims as a result of the multiplicity of lawsuits engendered by denial of these motions. This court's sense of justice compels it to grant these motions to intervene in spite of persuasive authority to the contrary.

■ Upon reflection this court notes that although the requirement of independent jurisdiction for a petitioner-intervenor's claim does result in the saving of some *federal* judicial time, it necessarily results in duplication of some *state* judicial time. This court cannot condone such a selfish attitude by the federal courts. As long as there is the economizing of *any* judicial time, at either the federal or state level, the argument in favor of avoiding multiplicity of lawsuits succeeds in this court.

■ This court refuses to blindly follow a non-binding rule of law where the equities emphatically weigh against its application. The court has discovered several cases which have deliberately refused to follow this convenient rule of law in the interest of accomplishing substantial justice. See Northeast Clackamus County Electric Co-operative, Inc. v. Continental Casualty Co., supra; Shipley v. Pittsburgh & L. E. R. Co., 70 F.Supp. 870, 876 (W.D.Pa.1947); State of Maryland for Use of Scott v. Taylor, 140 F.Supp. 801 (D.Md.1956); Chalmers v. United States, 43 F.R.D. 286, 289–290 (D.Kan.1967); United States v. Local 638, Enterprise Association of Steam, Hot Water, Hydraulic Sprinkler, Pneumatic Tube, Compressed Air, Ice Machine, Air Conditioning & General Pipefitters, 347 F.Supp. 164 (S.D.N.Y. 1972); Pace v. General Electric Co., 55 F.R.D. 215 (W.D.Pa.1972).

For example, the latest case, Pace v. General Electric Co., supra, was an action brought by an insured against a third party for a fire loss paid by certain insurers, who thereafter sought to intervene on the side of the plaintiff. The court held that the insurers would be entitled to permissive intervention and the fact that some of the petitioner-intervenors had claims of less than $10,000 but possessed the requisite diversity, would not oust the court of jurisdiction over the claims below the jurisdictional amount.

The only appellate decision taking this position was decided by the Ninth Circuit in Northeast Clackamus County Electric Co-operative, Inc. v. Continental Casualty Co., supra. The case involved a contractee's action against a surety on a performance bond of a contractor who had undertaken to construct a power transmission line. The contractor sought to intervene on defendant's side,

---

7. Rule 1. Scope of Rules. These rules govern the procedure in the United States district courts in all suits of a civil nature

. . . They shall be construed to secure the just, speedy and inexpensive determination of every action.

seeking recovery on a counterclaim against the contractee on the theory of quantum meruit for work performed on the transmission line. The contractor was allowed to intervene and on appeal the circuit court found that the lack of jurisdictional amount between plaintiff and intervenor does not destroy diversity jurisdiction previously established and, as a result, permission pursuant to Rule 24(b) for petitioner-intervenor to assert claims with questions of fact or law common to the main action were granted independently of Rule 13, pertaining to counterclaims and cross-claims.

Finally, the righteousness of petitioner-intervenors' position is re-enforced further by positive assertions or omissions in discussions of most commentators since Rule 24 was amended in 1966. See Comment, Multi-Party, Multi-Claim Litigation in the Federal Courts: the Unifying Influence of "Judicial Economy", 24 Sw.L.J. 680 (1970); Shapiro, Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators, 81 Harv.L.Rev. 721 (1968); Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I), 81 Harv.L.Rev. 356, 400–07 (1967); Lederleitner and Nolan, Criteria for Intervention, 1967 U.Ill.L.F. 299; Cohn, The New Federal Rules of Civil Procedure, 54 Geo.L.J. 1204, 1229–32 (1966). Contra: Kennedy, Let's All Join In: Intervention Under Federal Rule 24, 57 Ky.L.J. 329 (1969); Comment, The Litigant and the Absentee in Federal Multiparty Practice, 116 U.Pa.L.Rev. 517 (1968).

## CONCLUSIONS

1. Petitioner-intervenors are not entitled to intervene of right under Rule 24(a)(2) because:

(a) Despite the fact that petitioner-intervenors' claim interests relating to the transaction which is the subject of the action,

(b) they are not so situated that the disposition of the action may as a practical matter impair or impede their ability to protect their interests,

(c) thus making it irrelevant that their interests are not adequately represented by existing parties.

2. The court will allow permissive intervention of petitioner-intervenors under Rule 24(b)(2) because:

(a) the petitioner-intervenors claims and the main action have questions of fact, and perhaps law, in common,

(b) in its discretion, the court has determined that intervention will not unduly delay or prejudice the adjudication of the rights of the original parties, and

(c) intervention will not destroy the jurisdiction of the federal court based on diversity of citizenship.

(d) The jurisdictional amount in controversy need *not* be satisfied for the claims of the petitioner-intervenors.

Appearing to the court from the four petitioner-intervenors' motions and claims that they may be a proper party before this court in this action, it is hereby ordered that petitioner-intervenors be made defendants in this action.

This order, not otherwise appealable because of its interlocutory nature, in the opinion of this court involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation. This statement is made in accordance with 28 U.S.C. § 1292.

And it is so ordered.